Duane K. Harring, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs October 6, 1982, to Judges ROGERS, BLATT and CRAIG, sitting as a panel of three.

*Thomas A. Bowlen*, for petitioner.

*Richard C. Lengler*, Associate Counsel, with him *Richard L. Cole, Jr.*, Chief Counsel, for respondent.

OPINION BY JUDGE CRAIG, November 30, 1982:

Duane K. Harring, formerly an employee of R. Bruce Fike & Sons Dairy, Inc., appeals an order of the Unemployment Compensation Board of Review, which affirmed a referee's decision denying the claimant benefits under the willful misconduct section of the Unemployment Compensation Law.[1]

___

[1] Section 402(e) of the Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(e).

The employer dismissed the claimant, who had been with the employer as a driver-salesman for twenty-six years, on the ground that the claimant had violated the employer's policy prohibiting passengers from riding in company trucks during working hours.

The only evidence that arguably could support the referee's conclusion that the employer had met its burden of establishing willful misconduct[2] was: (1) the employer's letter to the Office of Employment Security (OES), explaining that the employer had discharged the claimant because the latter had violated the employer's rule against transporting unauthorized persons; (2) hearsay testimony from the employee's witness that another employee had observed the claimant with unauthorized riders in his truck; and (3) such inference, if any, which was created when the claimant, believing that the employer had failed to meet its burden, failed to testify at the hearing.

The claimant contends that the letter from the employer to the OES and the testimony that the claimant "was observed having riders in his truck" both constitute hearsay evidence, which standing alone do not support the referee's finding.[3] As a corollary, the claimant asserts that his silence at the hearing even in the face of allegations, does not supplement hearsay evidence which, standing alone, does not amount to "substantial evidence."

Although the claimant objected to the hearsay testimony, the disputed letter was admitted into evidence without objection. Therefore, under our rule in *Walker v. Unemployment Compensation Board of Re-*

---

[2] The burden of proving willful misconduct on the part of an employee rests on the employer. *Boyer v. Unemployment Compensation Board of Review*, 51 Pa. Commonwealth Ct. 191, 195, 414 A.2d 425, 428 (1980).

[3] The claimant does not question that, as a matter of law, a violation of an employer's rule could constitute willful misconduct.

*view,* 27 Pa. Commonwealth Ct. 522, 367 A.2d 366 (1976), the letter is admissible, but it cannot support a finding of the board unless it is corroborated by some competent evidence.[4]

Thus, we must determine (1) whether the board could draw any inference from the claimant's silence and (2) whether such inference could be evidence which, together with the employer's letter, would constitute substantial evidence necessary to satisfy the employer's burden.

Pennsylvania has long held that, in a civil proceeding, a trier of fact is justified in inferring from the absence of a party's testimony that, had the testimony been honestly given, it would have been unfavorable to the party. *Dommes v. Zuroski,* 350 Pa. 206, 38 A.2d 73 (1944).[5]

That inference, however, only goes to the credibility of the evidence introduced by the party with the burden of proof, and cannot supplement evidence which, standing alone, fails to amount to substantial evidence. This application of the adverse inference is explained in *Schwegel v. Goldberg,* 209 Pa. Superior Ct. 280, 284-285, 228 A.2d 405, 408 (1967), where the court said:

> Although failure of the appellant to testify at the trial cannot supply negligence on his part because it must be shown affirmatively by the plaintiff, it does raise an inference of fact that the appellant's testimony would have been ad-

---

[4] Hearsay evidence, properly objected to, is not competent evidence to support a finding of the board. *Walker,* 27 Pa. Commonwealth Ct. at 527, 367 A.2d at 370. Therefore, the hearsay testimony is not competent evidence.

[5] *Compare, Caloric Corp. v. Unemployment Compensation Board of Review,* 70 Pa. Commonwealth Ct. 182, A.2d ____ (1982) (trier-of-fact may make an adverse inference where a party in a civil proceeding has exercised his Fifth Amendment privilege against self-incrimination.)

verse to him. Peters v. Shear, 351 Pa. 521, 41
A.2d 556 (1945). Thus, on the factual question
of whether the child darted into the automobile
or ran in front of it for sufficient time that the
driver should have seen him and stopped, the
jury was entitled to assume that appellant's
testimony would not support a darting out. In
other words, it may be inferred that the plain-
tiffs and their witnesses *truthfully* described
the happening of the accident. Dommes v. Zur-
oski, 350 Pa. 206, 38 A.2d 73 (1944). From such
description, as we have pointed out above, the
elements of negligence could reasonably be in-
ferred. (Emphasis added.)

Thus the inference created when a party refuses
to testify is not considered evidence established by the
party with the burden of proof, and therefore does not
count in calculating whether a party has met its bur-
den by introducing substantial evidence.[6] Rather, the

[6] *Cf. Ault v. Unemployment Compensation Board of Review*, 398
Pa. 250, 275, 157 A.2d 375, 379 (1960), where our Supreme Court
emphasized that the employer's duty to establish willful misconduct
is separate from the employee's decision regarding the appropriate
response to the evidence presented, saying:

> An employer may discharge an employee for any reason or
> no reason, absent contractual restrictions. But an unem-
> ployed person may not be denied benefits for any reason or
> no reason: The Act allows denial only for wilful miscon-
> duct connected with his work. . . . Since a man may be
> discharged for any reason or no reason his ensuing right to
> unemployment benefits is dependent on whether the dis-
> charge was for wilful misconduct. The Compensation au-
> thorities must show that it was. The Compensation Act
> requires that otherwise he should get the benefits. Hence
> he has the right to await charges and meet them as he
> thinks best.

In so holding, the court emphasized that:

> Difficulty of proof has never been allowed as an excuse for
> dispensing with it.

*Id.* at 255, 157 A.2d at 378.

inference is directed to the credibility of the evidence presented by the party with the burden.

Hence, the mere hearsay explanation of the claimant's discharge did not constitute substantial evidence supporting the board's finding that the claimant violated the employer's rule.

Therefore, we conclude that, although the referee was entitled to draw an adverse inference from the claimant's silence, such inference could not be used as a substitute for the employer's failure to introduce substantial evidence. Accordingly, the decision of the board is reversed, and this case is remanded to the board for a computation of the appropriate benefits.

#### ORDER

Now, November 30, 1982, the decision of the Unemployment Compensation Board of Review, No. B-195130, dated May 14, 1981, is reversed and remanded for computation of benefits to claimant Duane K. Harring.