Robert Catanese, Jr., Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs October 6, 1982, to Judges ROGERS, BLATT and CRAIG, sitting as a panel of three

*Robert Catanese, Jr.,* petitioner, for himself.

*Richard C. Lengler,* Associate Counsel, with him, *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE ROGERS, December 1, 1982:

Robert Catanese, Jr., a former catalog sales representative with Sears, Roebuck & Company, discharged on account of persistent tardiness, seeks review of the denial of his claim for benefits by the Unemployment Compensation Board of Review.

Mr. Catanese was not represented by counsel at the referee's hearing concerning his claim and he prosecutes this appeal pro se. In the second paragraph of the claimant's Petition for Review in this Court he asserts:

I had the right to be represented by Legal Council [sic] at the Referee's hearing, I was not informed of this right in printed form or verbal [sic] at anytime prior to the hearing or afer [sic] the Referee's dicision [sic] was rendered.

Our review of the notes of testimony discloses that the claimant was not advised at the hearing of his right to be represented by counsel, to offer witnesses or to cross-examine adverse witnesses.

The claimant's brief includes photostatic reproductions of documents; a "low earnings report" submitted by an employee in the records department of Sears to the local Office of Unemployment Security

218

and a Notice to Appear on a date specified at Magisterial District 16-3-03 directed to the claimant, which documents, he argues, establish that the referee's necessary factual findings of tardiness on particular dates are in error. The Board contends that these documents were not properly introduced into evidence at the hearing and, therefore, cannot be now considered for the purpose of this appeal. The Board does not argue that the failure of the referee to advise the claimant of his rights was without prejudice or was harmless error.[1]

On this state of the record we are constrained to reverse the order of the Board and to remand the matter for a new evidentiary hearing at which Mr. Catanese, if then uncounseled, shall be notified of his right to have counsel, to cross-examine adverse witnesses and to offer witnesses in his behalf. *Unemployment Compensation Board of Review v. Ceja*, 493 Pa. 588, 427 A.2d 631 (1981); *Katz v. Unemployment Compensation Board or Review*, 59 Pa. Commonwealth Ct. 427, 430 A.2d 354 (1981).

Order reversed; remanded.

## ORDER

AND Now, this 1st day of December, 1982, the Order of the Unemployment Compensation Board of Review in the above-captioned matter is reversed and the record is remanded for further proceedings consistent with this opinion.

---

[1] It may be that the Board's failure to respond to the claimant's contention that he was not adequately advised of his rights is the result of the claimant's omission of any reference to this contention in his brief filed in support of this appeal. We believe that this pro se claimant has adequately raised the issue by that portion of his Petition for Review set forth in the body of the opinion. In any event, for the reasons we discuss, were the Board to argue that the failure to advise the claimant was without attendant prejudice, this argument would be unavailing.