494 A.2d 1081

**Raybelle VANN, Appellee,**

v.

**COMMONWEALTH of Pennsylvania, UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Appellant.**

Supreme Court of Pennsylvania.

Argued Jan. 23, 1985.

Decided June 28, 1985.

1790 and 1870 which prescribe sanctions for offenses formerly punishable by the pillory.

140

Charles G. Hasson, Harrisburg (Acting Deputy Chief Counsel), James K. Bradley, Associate Counsel, Barry M. Hartman, Harrisburg, for appellant.

Harold I. Goodman, Philadelphia, for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDER-MOTT, HUTCHINSON, ZAPPALA and PAPADAKOS, JJ.

## OPINION

ZAPPALA, Justice.

We review an Opinion and Order of the Commonwealth Court, 81 Pa.Cmwlth. 189, 473 A.2d 237, holding that in an unemployment compensation benefit case where the employer has the burden of proof, the referee must explain to an uncounseled claimant that he is not required to testify and that if he does testify his testimony may be used to establish ineligibility for benefits.

The Appellee in this case, Raybelle Vann, filed a claim for unemployment compensation benefits after she was dismissed from her job as a short order cook at Casey's Bar and Restaurant in Philadelphia. The employer's statement filed on Form UC–45A in response to this application indicated that the Appellee was discharged for "unsatisfactory performance" and "willful misconduct" with the explanation that she "repeatedly refused to do the required work of a short order cook." An attached handwritten note further detailed that

> [t]he day she was fired, I asked her to do some small job in the kitchen and she refused. I then waited about 15 minutes and asked her again and she told me that she did not have to do what I asked her to do. She only had to do what *she thought* was her job.

(Emphasis in original). These statements were signed by J.S. Goodman as president and owner of Casey's.

In the Summary of Interview Form UC–990(7), the Appellee stated that she had been separated from her employment by Joe Goodman because "I didn't do his work. I had my own work to do in 1 hour." She further explained

> I had one hour to set up for lunch and break down breakfast, then start lunch order. Joe Goodman told me to set him up and I said I didn't have time because I was already behine [sic]. Joe Goodman said I was suppose [sic] to do what every [sic] he said for me to do. He told me to take off my apron and leave.

> I was hired to be short order cook not preperation [sic] cook.

The claims examiner determined that the Appellee had refused to perform a work related task requested by her employer and disapproved her claim for benefits in accordance with Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, art. IV, § 402, *as amended,* Act of May 29, 1945, P.L. 1145, § 9, 43 P.S. § 802(e). That section provides that

[a]n employee shall be ineligible for compensation for any week ... [i]n which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work, irrespective of whether or not such work is "employment" as defined in this act.

The Bureau's determination of misconduct was appealed to a referee, who conducted a hearing on April 6, 1982. The Appellee was the only party present at this hearing. After advising the Appellee of her rights to be represented by an attorney, to cross-examine witnesses, and to present witnesses of her own, the referee entered the documents in the Appellee's file into the record. He then stated that his was a willful misconduct case and that the "burglar-proof [sic] will fall upon your employer to show your 'willful misconduct'." The referee proceeded to question the Appellee and told her she would "have a chance to explain the circumstances which brought about your unemployment." In response to the referee's questioning the Appellee testified as to the events leading up to her dismissal. Her testimony was substantially similar to the explanation on the Summary of Interview Form. The primary difference was the Appellee's explanation by way of her testimony that she was hired by Edward Goodman, Joseph Goodman's father, and that she understood that Edward, not Joseph, was her immediate supervisor and boss. She further explained that she and Joseph were essentially co-workers, the Appellee carrying out the duties of a short order cook in the kitchen, running "the grill, the steam table, the deep frier, [and] the dressing table," while Joseph Goodman took care of the cold sandwiches in the front of the restaurant.

The referee denied benefits, reasoning that the Appellee's refusal to perform a reasonable request of her boss constituted willful misconduct. On appeal, the Board of Review affirmed the referee's decision. The Board noted its finding that the employer's request was work related and reasonable and that the Appellee had not demonstrated good cause for giving precedence to her other job duties

over the employer's immediate request. The Board also found that the Appellee's contention that she was not aware of the supervisory capacity of the person issuing the order was not credible. Even though the employer did not attend the referee's hearing, the Board determined that the Appellee's voluntary testimony carried the employer's burden of establishing her willful misconduct, citing *Rodgers v. Unemployment Compensation Board of Review*, 40 Pa. Cmwlth. 552, 397 A.2d 1286 (1979).

In her appeal to the Commonwealth Court, the Appellee argued that it was error for the referee not to instruct her that the employer had the burden of proof and that she had the right to decline to testify. She also argued that the Board erred in concluding that her choice between competing duties constituted willful misconduct.

In *Harring v. Unemployment Compensation Board of Review*, 70 Pa.Cmwlth. 173, 452 A.2d 914 (1982), the court held that a negative inference from a party's refusal to testify, although permissible for other purposes, could not be considered as "evidence" established by the party with the burden of proof. The only evidence offered on behalf of the employer was a hearsay letter. Absent the inference from the claimant's silence, there was no corroboration of the hearsay evidence as required under *Walker v. Unemployment Compensation Board of Review*, 27 Pa.Cmwlth. 522, 367 A.2d 366 (1976), and thus no basis for a finding that the burden of proof had been met. The court accordingly reversed and remanded for the computation of benefits. In the present case, the court reasoned that the substantive rule of *Harring* would have applied if the uncounseled claimant had been aware of her "right" to remain silent in the face of uncorroborated hearsay which by itself could not have supported a finding in favor of the employer. Therefore, "in the interest of justice and fairness" the court fashioned the rule requiring the referee to explain that the claimant is not required to testify and that his testimony could be used to support a determination of ineligibility.

■ The General Assembly has provided that

[t]he manner in which appeals shall be taken ... and the conduct of hearings and appeals, shall be in accordance with rules of procedure prescribed by the board whether or not such rules conform to common law or statutory rules of evidence and other technical rules of procedure.

43 P.S. § 825. Subject to fundamental due process guarantees, then, the Board is empowered to adopt procedural rules which, though foreign to the strictly adversarial system of the courts, are designed to accomplish the Board's function of ensuring that claims for compensation are resolved in compliance with statutory requirements. Accordingly, the Board has provided that

[i]n any hearing the tribunal may examine the parties and their witnesses. Where a party is not represented by counsel the tribunal before whom the hearing is being held should advise him as to his rights, aid him in examining and cross-examining witnesses, and give him every assistance compatible with the impartial discharge of its official duties.

and that

[T]he tribunal shall determine the order in which the evidence shall be presented in all hearings. Within the discretion of the tribunal, the parties shall be permitted to present all evidence and testimony which they believe is necessary to establish their rights.

34 Pa.Code § 101.21(a), (b).

■ These regulations make it clear that the Board, and the referee as agent for the Board, are to remain impartial as between the parties in the production of evidence. At the same time, it is necessary to ensure that a sufficient record is made to ascertain that a proper determination has been made. In the present context, we find it highly significant that "the tribunal shall determine the order in which the evidence shall be presented." In the strictly adversarial court proceeding, the party assigned the burden of proof proceeds first and must produce sufficient evidence to make a prima facie case. The failure to meet that burden relieves the opposing party of any obligation to

respond in order to win judgment. The same result cannot hold, however, where the tribunal may alter the order of presentation. In such a situation, the assignment of the burden of proof to one or the other party can only be understood as an indication of the quantum of evidence required to sustain a result in that party's favor. The question of the sufficiency of the evidence to meet the burden must be examined against the complete record.[1] The effect of the claimant's testimony remains the same whether presented before or after the employer's evidence.

 Additionally, it is not true, as the court below apparently assumed, that a claimant (or employer) may refuse to respond to questions in pursuit of a strategy based on the opponent's failure to produce sufficient evidence to meet his assigned burden. We observe that the Unemployment Compensation Law even limits the invocation of the Fifth Amendment privilege against self-incrimination as a basis for refusing to testify before a tribunal by extending a grant of immunity from prosecution based on such testimony. 43 P.S. § 828. It follows as a matter of course that the Commonwealth Court erred in requiring referees to explain that where the employer has the burden of proof the claimant is not required to testify. The regulations adopted by the Board and the statute enacted by the General Assembly make it clear that the claimant *can* be

1. In *Wing v. Unemployment Compensation Board of Review,* 496 Pa. 113, 436 A.2d 179 (1981) this Court held that the doctrine of waiver is applicable to unemployment compensation proceedings, citing the Administrative Agency Law, 2 Pa.C.S. § 703, and Pa.R.A.P. 1551. In further support of this holding we rejected the Board's argument that waiver was inappropriate because of the informal, "nonadversarial" nature of the proceedings. We observed that previous cases had allocated burdens of proof with respect to the issues arising in unemployment cases and stated that this "created" an adversary system. Whatever the full import of this broadly stated dictum, it cannot be read to require that the "strictly adversarial" judicial system must be replicated in the administrative process of the unemployment compensation system. The General Assembly has explicitly provided otherwise, subject only to the limitations of fundamental due process. *See* 43 P.S. § 825.

required to testify in such circumstances, that there is no "right to remain silent." [2]

■ Although the result may in some cases be harsh, the remedial rule fashioned by the Commonwealth Court to mitigate the harshness in fact does no more than displace it from the claimant to the employer. To require the referee to advise the claimant as to the strength of his case at any point in the hearing because he is not represented by counsel "casts the referee in the role of surrogate counsel and advocate for the claimant." 81 Pa.Cmwlth. 189, 194, 473 A.2d 237, 239 (Doyle, J. dissenting). As observed by Judge Doyle in his Dissenting Opinion the employer here was uncounseled as well by virtue of his absence. Consistent reasoning "in the interest of justice and fairness" would require the referee to advise the employer, in the face of the claimant's silence, that his burden had not been met and that further evidence would be required if his position were to be sustained. This entire scenario is contrary to reason and goes far beyond the requirement that the referee be impartial in giving assistance to unrepresented parties. It is, we believe, preferable to simply recognize, as the Commonwealth Court has previously done, that "any layperson choosing to represent himself in a legal proceeding must, to some reasonable extent, assume the risk that his lack of expertise and legal training will prove his undoing." *Groch v. Unemployment Compensation Board of Review,* 81 Pa.Cmwlth. 26, 30, 472 A.2d 286, 288 (1984).

■ Because of its determination that the hearing was procedurally defective, the Commonwealth Court did not decide whether the Board erred in its conclusion that the evidence supported a finding of willful misconduct. Al-

2. It appears that the court below sought to reconcile this case with the result in *Harring v. Unemployment Compensation Board of Review,* 70 Pa.Cmwlth. 173, 452 A.2d 914 (1982), where the claimant chose not to testify. Whether the referee in that case should have required the claimant to testify is a question peculiar to the facts of that case and one which we may not presently review. To the extent that the decision in *Harring* may be read to mean that a claimant has a "right to remain silent" in the face of questioning, however, it is disapproved.

though it is not always clear which of multiple questions should be addressed and which left unconsidered because of the disposition of those questions addressed, under the present circumstances it would have been preferable for the court to have first determined whether the evidence in the hearing which occurred was sufficient to support the legal conclusion of willful misconduct. Only in the event that such evidence was considered sufficient would it have been necessary to decide whether the evidence was all properly entered or obtained. The rule adopted by the court calls into question numerous previous rulings in related cases, e.g. *Rohrbach v. U.C.B.R.*, 69 Pa.Cmwlth. 172, 450 A.2d 323 (1982) (referee need not advise claimant of hearsay nature of certain evidence introduced into record); *DeMeno v. U.C.B.R.*, 51 Pa.Cmwlth. 137, 413 A.2d 796 (1980) (referee need not advise claimant on evidentiary question or points of law); *Miller v. U.C.B.R.*, 67 Pa.Cmwlth. 102, 445 A.2d 1372 (1982) (claimant can carry employer's burden of proof through own testimony); *Robinson v. U.C.B.R.*, 60 Pa. Cmwlth. 275, 431 A.2d 378 (1981) (referee required to fairly develop adequate record to insure only proper claims will be paid). It also impinges upon the rules of procedure adopted by the Board, e.g. 34 Pa.Code §§ 101.21, 101.51, 101.52, and in essence creates a new rule of procedure which the Board has otherwise not seen fit to adopt. This latter result is effectuated "in the interest of justice and fairness" despite the absence of any finding, or reasoning supporting a conclusion, that the procedures in operation violate fundamental due process guarantees. Such a drastic consequence should not have been reached if, on the record already developed, it might have been determined that the legal conclusion reached was unsupported.

This question of law being the only issue remaining, and the complete record on which this issue is to be decided being before this Court, no useful purpose would be served by remanding this case to the Commonwealth Court for determination of that question. Indeed, the remedial purpose of the Unemployment Compensation Law would be

disserved by unnecessarily protracting the resolution of a claim already more than three years old.

In reviewing an unemployment compensation case, the findings of fact made by the Board or referee are conclusive if the record contains substantial evidence to support them. *Taylor v. Unemployment Compensation Board of Review*, 471 Pa. 351, 378 A.2d 829 (1977). In this regard it has been accepted since *Walker v. Unemployment Compensation Board of Review*, 27 Pa.Cmwlth. 522, 367 A.2d 366 (1976) that hearsay evidence admitted without objection may support a finding of fact, but only if it is corroborated by other competent evidence in the record. In viewing the evidence to determine whether hearsay has been corroborated, it is not sufficient that the testimonial evidence simply tell the same general story as the hearsay. Rather the truth of the matters asserted by way of hearsay must be substantiated by other evidence. Furthermore, in determining whether the employer's burden of showing willful misconduct, or the employee's contingent burden of showing good cause, has been met, all the elements must be supported by competent evidence.

Our reading of the record fails to disclose competent evidence to meet the employer's burden of showing willful misconduct. Joseph Goodman's claim to be the Appellee's boss was supported only by hearsay which was not corroborated, indeed was contradicted, by the Appellee's testimony. Such is clearly not sufficient to sustain the burden of showing that the *employer's* interests had been disregarded or instructions or rules violated when the Appellee refused to immediately honor Joseph Goodman's request. Likewise there is no evidence, even of an uncorroborated hearsay nature, which supports a finding of a known rule which the Appellee can be said to have violated. "In cases of willful misconduct, 'the burden is on the employer to prove the rule and the fact of its violation.'" *Chinn v. Unemployment Compensation Board of Review*, 57 Pa. Cmwlth. 582, 587, 426 A.2d 1250, 1252 (1981), *quoting Holomshek v. Unemployment Compensation Board of*

*Review,* 39 Pa.Cmwlth. 503, 395 A.2d 708 (1979). Because there is insufficient competent evidence to support the Board's determination of willful misconduct, that determination is reversed.

The Order of the Commonwealth Court is vacated and the record remanded to the Board for computation of benefits.

LARSEN, J., filed a concurring opinion in which PAPADAKOS, J., joined.

HUTCHINSON, J., filed a dissenting opinion.

LARSEN, Justice, concurring.

While I agree with the majority's disposition of this case and its conclusion regarding the sufficiency of the evidence, I cannot agree with the majority's conclusion that an unemployment compensation referee is not required to advise a claimant of certain rights. Accordingly, I write to express my separate view.

First, I think that the rule announced by the Commonwealth Court in this case was perfectly proper. It is clear that an unemployment compensation referee has an obligation to advise uncounseled claimants of their rights. *See* 34 Pa.Code § 101.21(a) ("Where a party is not represented by counsel the tribunal before whom the hearing is being held should advise him as to his rights, aid him in examining and cross-examining witnesses, and give him every assistance compatible with the impartial discharge of its official duties."). In order to fulfill this obligation, a referee must advise a claimant of his right to be represented by counsel, to offer witnesses, and to cross-examine adverse witnesses. *Unemployment Compensation Board v. Ceja,* 493 Pa. 588, 611, 427 A.2d 631, 643 (1981) (plurality opinion);* *Catanese*

---

* This writer joined the concurring opinion authored by former Chief Justice Roberts in *Ceja.* Although a majority of this Court did not join the lead opinion of Justice Kauffman which set forth this requirement, none of the justices who concurred in the result announced by Justice Kauffman expressed any disagreement with this requirement.

*v. Unemployment Compensation Board of Review,* 70 Pa.Commw. 216, 452 A.2d 929, 930 (1982). In addition, it is beyond question that the employer has the burden of proving willful misconduct where that is the claimed reason for an employe's discharge. *Ault v. Unemployment Compensation Board of Review,* 398 Pa. 250, 255, 157 A.2d 375, 379 (1960); *Brant v. Unemployment Compensation Board of Review,* 83 Pa.Commw. 373, 477 A.2d 596, 597 (1984).

Despite these established legal requirements, the majority has concluded that the referee need not advise an uncounseled claimant that the employer has the burden of proving willful misconduct, that he is not required to testify, and that if he does testify his testimony may be used to establish ineligibility for benefits.

It makes no sense to require a referee to advise a claimant of his right to be represented by counsel, to offer witnesses, and to cross-examine adverse witnesses, while at the same time allowing the referee not to advise the same claimant that his employer has the burden of proving willful misconduct, that he need not testify, and that his testimony may be used to establish his ineligibility for benefits.

It is true that a referee need not advise a claimant with respect to the conduct of his hearing at every stage of that hearing. *See, e.g., Rohrbach v. Unemployment Compensation Board of Review,* 69 Pa.Commw. 172, 450 A.2d 323, 325 (1982) ("A referee is not required to advise a claimant on specific evidentiary questions or points of law."); *DeMeno v. Unemployment Compensation Board of Review,* 51 Pa.Commw. 137, 413 A.2d 796, 798 (1980) ("[D]ue process does not require, as the claimant contends, that a referee advise a claimant on particular evidentiary matters or specific points of law."). Nevertheless, the advice at issue in this case—a simple statement concerning the employer's burden of proof and how that burden may be met—is more similar to the advice which a referee is already required to give an uncounseled claimant—a statement concerning the

claimant's right to be represented by counsel and to present and cross-examine witnesses—than it is to such matters as evidentiary questions or points of law, on which a referee is not required to advise a claimant. While advice concerning evidentiary matters would require the referee to evaluate the evidence sought to be admitted and to give the claimant legal counsel as to the admissibility of that evidence, a cautionary statement concerning the employer's burden of proof and how that burden may be met, like a statement concerning the right to be represented by counsel or to present and cross-examine witnesses, requires no evaluation of a particular case by the referee, but is the same in every case as a matter of law. Thus, an obligation to advise an uncounseled claimant as to the employer's burden of proof and how that burden may be met would not interfere with the referee's obligation to remain impartial.

I would hold that such advice is specifically included within the referee's duty to "give [the claimant] every assistance compatible with the impartial discharge of [his] official duties," and I would affirm the order of the Commonwealth Court to the extent that it so held.

PAPADAKOS, J., joins in this concurring opinion.

HUTCHINSON, Justice, dissenting.

I concur with that portion of the majority opinion which sets forth the limits on a referee's duty to advise an unemployment compensation claimant at a hearing. I would, however, not disturb the referee's finding of fact affirmed by the board, which is based on the reasonable inference that the adult son of the principal shareholder of a closely held corporation operating a restaurant had authority in the course of his employment by that corporation to direct and give reasonable instructions to a short order cook. I, therefore, dissent.