Highland Park Center, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs November 20, 1985, to Judges MacPhail, Doyle and Barry, sitting as a panel of three.

Arthur D. Feldman, with him, Stanley M. Stein, for petitioner.

Samuel Lewis, Associate Counsel, with him, Barry M. Hartman, Chief Counsel, for respondent.

Opinion by Judge MacPhail, January 28, 1986:

Highland Park Center (Employer) appeals from a decision of the Unemployment Compensation Board of Review (Board) which reversed a referee's decision denying unemployment compensation benefits to Jessie R. Hughes (Claimant) pursuant to Section 402(e) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, as amended, 43 P.S. §802(e). We affirm.

Claimant, a rehabilitation worker, was discharged for violating Employer's written policy prohibiting employees from sleeping while on duty. At the referee's hearing, Employer's personnel director submitted into evidence, over Claimant's hearsay objections, a report by a former supervisor stating that

Claimant was found asleep in a resident's room. The referee found that Claimant had violated Employer's policy and denied benefits. The Board reversed on the ground that the supervisor's report was inadmissable and since that was the only evidence of Claimant's misconduct, the Employer had failed to provide competent evidence to sustain its burden of proving willful misconduct.

Employer contends that the Board erred in refusing to consider the report, which, it argues, qualifies as a business record exception to the hearsay rule. Section 2 of the Uniform Business Records Act (Act), 42 Pa. C. S. §6108(b) provides:

> (b) General Rule.—A record of an act, condition or event shall, insofar as relevant, be competent evidence if the custodian or other qualified witness testified to its identity and the mode of its preparation, and if it was made in the regular course of business at or near the time of the act, condition or event, and if, in the opinion of the tribunal, the sources of information were such as to justify its admission.

Our review of the record indicates that Employer's witness failed to demonstrate that he was presenting evidence either as a custodian or a qualified witness under the Act. It is not sufficient for a person presenting a business record merely to state that the record was prepared in the ordinary course of business; he must also demonstrate that he is familiar with the procedures used and able to guarantee the accuracy of the information or trustworthiness of the individuals responsible for the information. *See Appeal of Chartiers Valley School District*, 67 Pa. Commonwealth Ct. 121, 447 A.2d 317 (1982), *appeal dismissed*, 500 Pa. 341, 456 A.2d 986 (1983). In the instant case, Employer's personnel director testified that all supervisors were required to document

promptly any suspected violation of Employer's policies. He provided no further information relating to the preparation and maintenance of the records which would have justified a presumption of trustworthiness for the records in question. *See In re Estate of Indyk,* 488 Pa. 567, 413 A.2d 371 (1979). As Employer failed to meet the specific requirements of the Act, the Board was justified in rejecting Employer's evidence as incompetent.

Employer also contends that because Claimant failed to testify on her own behalf, the Board should have inferred that she did so because she could not deny the allegations against her. We disagree. Although the Board may draw an adverse inference from a party's silence, such an inference cannot be used as a substitute for the employer's failure to introduce substantial evidence to meet its burden of proving that an employee's discharge resulted from willful misconduct. *Harring v. Unemployment Compensation Board of Review,* 70 Pa. Commonwealth Ct. 173, 452 A.2d 914 (1982).[1]

Affirmed.

ORDER

The decision and order of the Unemployment Compensation Board of Review, No. B-235380, dated October 25, 1984, is affirmed.

---

[1] Our decision in *Harring* was noted by our Supreme Court in *Vann v. Unemployment Compensation Board of Review,* 508 Pa. 139, 494 A.2d 1081 (1985). The Court there held that nothing in *Harring* should be construed to mean that a claimant in an unemployment compensation case had the "right to remain silent". That issue, of course, is not present in the case now before us.