531 A.2d 88

Gerald R. Williams, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued June 8, 1987, before Judges MacPhail and Barry, and Senior Judge Barbieri, sitting as a panel of three.

*William Wallen, Meranze & Katz,* for petitioner.

Notice of non-participation for respondent.

*Bradford J. Harris, Zimmerman, Pfannebecker & Nuffort,* for intervenor, Wilbur Chocolate Company.

Opinion by Judge MacPhail, September 15, 1987:

Gerald R. Williams (Petitioner) petitions for our review of an Unemployment Compensation Board of Review (Board) decision affirming a referee's order denying benefits. We affirm.

Our scope of review is limited to a determination of whether constitutional rights were violated, errors of

law committed or necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704.

The referee made the following findings of fact which are supported by substantial evidence:

1. For the purposes of this appeal, claimant was last employed at Wilbur Chocolate Co. [(Employer)] as a general helper at $9.55 per hour. He had worked there almost eight years and his last day of work was 9/4/84 [sic].

2. Claimant had reached a point in the employer's progressive disciplinary program that any other conduct which would constitute a breach of the employer's policies or standards of conduct which the employer had a right to expect of an employee, would result in a two-week suspension.

3. On 8/27/85 claimant's employer was investigating an allegation that an unauthorized person or persons were on the employer's premises and as a result of that suspicion called two employees (not including the claimant) to a meeting along with two Union representatives (not including the claimant) pursuant to its labor management policies.

4. Claimant was not one of the Union representatives called to the above-mentioned meeting, but at the request of the two employees, did attend the meeting without objection by the employer since the claimant himself held a Union office.

5. During the course of the above-mentioned meeting on 8/27/85, the claimant impeded the employer's reasonable investigation by advising the two employees who had been called to the meeting not to say "a God damn thing" and

demanding where the employer got its information.

6. Claimant further impeded the reasonable investigation by making it difficult, if not impossible, for the employer to elicit any investigation and by further using profanity to the personnel manager who was conducting the meeting.

7. As a result of the above, the claimant was suspended for two weeks.

The referee concluded that Claimant's behavior during the meeting amounted to "willful misconduct" and therefore, pursuant to Section 402(e) of the Unemployment Compensation Law (Law),[1] Claimant was not entitled to benefits for the two weeks he was suspended. The Board affirmed.

Claimant invokes the United States Supreme Court opinion in *National Labor Relations Board v. Weingarten, Inc.*, 420 U.S. 251 (1975) and Section 7 of the Labor Management Relations Act, 1947, 29 U.S.C. §157 in averring that his actions did not constitute willful misconduct because, as a union official, he had a right to be present at the meeting. Further, he argues that if he did break any of Employer's rules at the meeting such violations were justifiable under the circumstances.

In an unemployment compensation proceeding, the employer bears the burden of proving a charge of willful misconduct. *Bailey v. Unemployment Compensation Board of Review*, 71 Pa. Commonwealth Ct. 385, 454 A.2d 1182 (1983). Willful misconduct may be established by showing a deliberate violation of a known and reasonable company rule.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(e).

Employer established that it had a work rule which prohibited "abusive or profane language." Claimant did not dispute this nor did he argue that he was unaware of the rule. Further, this Court has held that vulgarity, even in a single instance, can constitute willful misconduct when the vulgarity is unjustified, unprovoked, unnecessary, or uncalled for under the circumstances. *Dodson v. Unemployment Compensation Board of Review*, 63 Pa. Commonwealth Ct. 245, 437 A.2d 1080 (1981). We believe that Claimant's vulgarity was of such a nature.

The fact that Claimant used the vulgarity in the course of his representation of union members in a meeting with a management person does not justify it. Insubordination, the use of vulgar language, or any other willful misconduct is not excused simply because it occurred while the employee was engaging in Union activities. *See Timpte, Inc. v. National Labor Relations Board*, 590 F.2d 871 (10th Cir. 1979); *National Labor Relations Board v. Garner Tool and Dye Manufacturing, Inc.*, 493 F.2d 263 (8th Cir. 1974). We do not dispute that Claimant had a right to represent the employees at a meeting. He did not, however, have a right to use vulgar and abusive language.

Affirmed.

### Order

The order of the Unemployment Compensation Board of Review which affirmed a referee's order denying benefits to Gerald R. Williams is hereby affirmed.