557 A.2d 1118

Julius A. Petrone, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs August 23, 1988, to Judges BARRY and SMITH, and Senior Judge NARICK, sitting as a panel of three.

*Charles E. Dennis, Sr., Mozenter, Molloy & Durst,* for petitioner.

*Maribeth Wilt-Seibert,* Assistant Counsel, with her, *Clifford F. Blaze,* Deputy Chief Counsel, for respondent.

OPINION BY JUDGE BARRY, April 13, 1989:

Julius A. Petrone (Claimant) petitions for our review of an order of the Unemployment Compensation Board of Review (Board) which reversed a decision of a referee and denied benefits under Section 402(e) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e) (willful misconduct).[1] We reverse.

The Claimant was last employed by the City of Philadelphia (Employer) as a police officer. He was suspended pending an investigation into his suspected illegal activity on the job and was subsequently discharged.

The Claimant applied for benefits which were denied by the Office of Employment Security (OES). The Claimant appealed to the referee who reversed the OES determination and granted benefits. The Employer appealed to the Board which denied benefits pursuant to Section 402(e) of the Law. The Claimant now petitions this Court for review of the Board's order.

Our scope of review is limited to determining whether necessary findings of fact are supported by substantial evidence, whether an error of law was committed or whether constitutional rights were violated. *Kirkwood v. Unemployment Compensation Board of Review,* 106 Pa. Commonwealth Ct. 92, 525 A.2d 841 (1987).

In unemployment compensation proceedings, the employer bears the burden of proving willful misconduct. *Williams v. Unemployment Compensation Board of Review,* 109 Pa. Commonwealth Ct. 329, 531 A.2d 88 (1987). Whether the acts of a claimant constitute willful misconduct is a question of law subject to this Court's review. *Heins v. Unemployment Compensation Board of Review,* 111 Pa. Commonwealth Ct. 604, 534 A.2d 592 (1987). We have defined willful misconduct as a wanton

---

[1] This case was reassigned to the author on February 17, 1989.

and willful disregard of an employer's interests, a deliberate violation of an employer's rules, a disregard of the standards of behavior which an employer can rightfully expect of an employee, or negligence manifesting culpability, wrongful intent, evil design or intentional and substantial disregard of an employer's interests or an employee's duties and obligations. *Id.*

The Claimant and a representative of the Employer appeared at the hearing before the referee. Both parties were represented by counsel. The hearing began with the admission, without objection, of the documents submitted to the referee by OES. Among the documents admitted was the Employer's notice of intention to dismiss. The notice included, *inter alia,* a statement that on October 14, 1986, the Claimant was arrested and charged with thirty counts of bribery, thirty counts of obstruction of the administration of law, two counts of tampering with public records as well as unsworn falsification and false reports. The Employer's counsel then began direct examination of the Claimant.

Following some preliminary questions and answers the Claimant refused to answer any further questions and asserted his Fifth Amendment privilege. At that point, the referee closed the hearing and directed the Employer's counsel to submit his questions to the Claimant in writing. The record was held open pending the referee's receipt of the questions and the Claimant's response thereto. The Claimant also refused to answer the written questions. Upon receipt of the questions and responses the referee concluded that the Employer had not met its burden of proving willful misconduct and awarded benefits.

On appeal, the Board reversed the referee's decision. It concluded that there "is uncontradicted testimony on the record that claimant was engaging in criminal activity

while a member of the police force. We resolve the issue of credibility specifically in favor of the employer representative, and we find that the claimant's conduct easily rises to the level of willful misconduct in connection with his work." (Board Decision at 2.) After a careful review of the record we must conclude that the Board's conclusion is not supported by substantial competent evidence on the record and must be reversed.

Contrary to the Board's implication, the Employer's representative did not testify at the hearing before the referee. The only testimony on the record was that presented by the Claimant. As noted above, the Claimant refused to answer all but the preliminary, introductory questions of the Employer's counsel on direct examination. Although the law is clear that the Board is the final arbiter of credibility, *E.T. Systems Corp. v. Unemployment Compensation Board of Review*, 95 Pa. Commonwealth Ct. 230, 504 A.2d 992 (1986), given the fact that the Employer presented no testimony here, there was no credibility determination to be made.

Further, we cannot conclude, as the Board suggests, that the Claimant's silence together with the contents of the notice of intention to dismiss constitutes substantial competent evidence to support its conclusion. There is no question that the notice constitutes hearsay evidence. Although it was admitted into evidence absent an objection by the Claimant, under this Court's decision in *Walker v. Unemployment Compensation Board of Review*, 27 Pa. Commonwealth Ct. 522, 367 A.2d 366 (1976), the notice was admissible but cannot support a finding by the Board if it is not corroborated by some other competent evidence in the record. There is no such corroborating evidence in this record.

We recognize that in *Caloric v. Unemployment Compensation Board of Review*, 70 Pa. Commonwealth Ct.

182, 452 A.2d 907 (1982), this Court held that the Board is entitled to draw negative inferences from a claimant's exercise of his Fifth Amendment privilege. However, we cannot conclude that the negative inference the Board was entitled to draw from the Claimant's silence in the case before us constitutes the competent corroborating evidence necessary for the hearsay notice to support a finding by the Board.

We find that this case is directly controlled by this Court's decision in *Harring v. Unemployment Compensation Board of Review*, 70 Pa. Commonwealth Ct. 173, 452 A.2d 914 (1982).[2] In *Harring*, the evidence on the record to support a finding of willful misconduct amounted solely to hearsay evidence and a negative inference drawn from the claimant's refusal to testify. Judge CRAIG wrote, "... although the referee was entitled to draw an adverse inference from the claimant's silence, such inference could not be used as a substitute for the employer's failure to introduce substantial evidence." *Id*. at 178, 452 A.2d at 917. The facts in the case before us are indistinguishable from those in *Harring*. The only evidence on the record to support the Board's findings are allegations contained in a hearsay document and a negative inference drawn from the Claimant's failure to testify. We find that this does not amount to substantial competent evidence to support a finding of willful misconduct. Accordingly, we reverse the Board.

---

[2] We note, as did Judge MACPHAIL in *Highland Park Center v. Unemployment Compensation Board of Review*, 94 Pa. Commonwealth Ct. 390, 503 A.2d 1037 (1986), that our decision in *Harring* was noted with disapproval by our Supreme Court in *Vann v. Unemployment Compensation Board of Review*, 508 Pa. 139, 494 A.2d 1081 (1985). *Vann* held that nothing in *Harring* should be construed to mean that a claimant in an unemployment compensation case had the right to remain silent. As in *Highland*, that issue is not involved in the case now before us.

ORDER

NOW, April 13, 1989, the order of the Unemployment Compensation Board of Review at B-261025, dated September 9, 1987, is hereby reversed.

Judge MACPHAIL did not participate in the decision in this case.

---

DISSENTING OPINION BY JUDGE SMITH:

I respectfully disagree with the majority's determination that the instant case is controlled by *Harring v. Unemployment Compensation Board of Review*, 70 Pa. Commonwealth Ct. 173, 452 A.2d 914 (1982), which does not involve a civil proceeding where a claimant exercises his Fifth Amendment privilege against self-incrimination as in the matter *sub judice*. There is sufficient evidence of record here to sustain the findings of fact and determination by the Unemployment Compensation Board of Review.

A brief narrative of relevant record contents follows. Claimant, arrested on October 14, 1986, was charged by the Philadelphia Police Commissioner Kevin Tucker with thirty counts of bribery, thirty counts of obstruction of the administration of law, one count of tampering with public records, two counts of conspiracy and one count of unsworn falsification and false reports. Prior to his arrest, Claimant was assigned to the Chief Inspector's Squad as an investigator of illegal vice activities. On October 23, 1986, Claimant was served by Employer with a notice of intention to dismiss which indicated that Claimant's dismissal was based upon a Police Department investigation which disclosed Claimant's involvement in accepting a monetary payoff from a known illegal numbers banker and setting up a numbers runner for a false arrest. *See* Notice of Intention to Dismiss; Exhibit #6.

At the referee's hearing, Employer called Claimant as a witness. Claimant, represented by counsel, invoked his Fifth Amendment right against self-incrimination due to the pending criminal charges and refused to answer questions related to the criminal activities alleged in the notice of dismissal. As a result, the referee, at the suggestion of Employer's counsel, held the case open to permit Employer time to draft written questions and to allow Claimant an opportunity to respond to Employer's questions in writing. Upon submission of the written questions, Claimant again refused to answer on the advice of counsel. The referee thereafter reversed the Office of Employment Security (OES) and awarded benefits to Claimant, concluding that Employer had not met its burden of proof. The Board reversed the referee, determining that Claimant's criminal activity while a member of the police force rose to the level of willful misconduct in connection with his work.

This writer recognizes that in an unemployment compensation proceeding, the employer bears the burden of proving a charge of willful misconduct. *Williams v. Unemployment Compensation Board of Review,* 109 Pa. Commonwealth Ct. 329, 531 A.2d 88 (1987). Willful misconduct has been defined as:

> (1) the wanton and willful disregard of the employer's interest, (2) the deliberate violation of rules, (3) the disregard of standards of behavior which an employer can rightfully expect from his employe, or (4) negligence which manifests culpability, wrongful intent, evil design, or intentional and substantial disregard for the employer's interests or the employee's duties and obligations.

*Kentucky Fried Chicken of Altoona, Inc. v. Unemployment Compensation Board of Review,* 10 Pa. Commonwealth Ct. 90, 97, 309 A.2d 165, 168-169 (1973). More-

over, the Board, as factfinder, is entitled to assess the credibility of witnesses, determine the weight to be accorded their testimony, and to consider all reasonable inferences which may be drawn from the testimony. *Peak v. Unemployment Compensation Board of Review,* 509 Pa. 267, 501 A.2d 1383 (1985).

Claimant contends that his dismissal based on the substantive acts outlined in the notice of intention to dismiss are mere allegations and that the record fails to contain substantial evidence to support a finding that Claimant committed the alleged infractions. The notice of intention to dismiss, admitted into the record without objection, indicates that Claimant was arrested and charged with numerous counts of criminal activity. Claimant admits that he was arrested and charged with various crimes on his OES summary of interview form and further indicated that he did not appeal his discharge nor the Police Commissioner's determination.

The instant matter is controlled by *Caloric Corp. v. Unemployment Compensation Board of Review,* 70 Pa. Commonwealth Ct. 182, 452 A.2d 907 (1982), where this Court had occasion to review a discharge case involving a claimant's invocation of his Fifth Amendment privilege. Although affirming the Board's decision to award benefits because the employer's evidence standing alone did not prove any wrongdoing, this Court stated the following:

> The Fifth Amendment 'not only protects the individual against being involuntarily called as a witness against himself in a criminal prosecution but also privileges him not to answer official questions put to him in any other proceeding, civil or criminal, formal or informal, where the answers might incriminate him in future criminal proceedings.' Lefkowitz v. Turley, 414 U.S. 70, 77, [94 S.Ct. 316, 322, 38 L.Ed.2d 274] (1973).
>
> . . . .

However, as distinguished from the situation in criminal cases, the Fifth Amendment 'does not forbid adverse inferences against parties to civil actions where they refuse to testify in response to probative evidence offered against them: the Amendment "does not preclude the inference where the privilege is claimed by a party to a civil cause".' Baxter v. Palmigiano, 425 U.S. 308, 318, [96 S.Ct. 1551, 1558, 47 L.Ed.2d 810] (1976), citing 8 J. Wigmore, Evidence 439 (McNaughton Rev. 1961). Therefore, the board properly could draw some inference from claimant's exercise of the Fifth Amendment.

The pivotal question . . . is whether the inference which may result from claimant's exercise of his privilege—either alone or in conjunction with the exhibits—can constitute 'substantial evidence' to satisfy our longstanding requirement that the employer has the burden of establishing that the discharge was for willful misconduct.

*Id.* at 187-188, 452 A.2d at 909-910. Thus, Claimant's silence in the face of Employer's inquiry into specific and detailed allegations of wrongdoing during the course of Claimant's employment supports the credibility of the evidence introduced into the record, which evidence standing alone indicates willful misconduct. Employer representative submitted evidence to OES which was admitted and made a part of the hearing record. The Board could properly draw adverse inferences from Claimant's exercise of his Fifth Amendment privilege, and in its role as factfinder, specifically resolved the issue of credibility in favor of Employer. Further, this Court has acknowledged the existence of a long-standing legal proposition that in a civil proceeding, the factfinder is permitted to infer from an absence of a party's testimony that the testimony, if honestly given, would have been

unfavorable. *See Harring.* Thus, the record viewed as a whole contains substantial evidence to support the Board's findings and conclusion that Employer has sustained its burden of proving willful misconduct.