Valerie Wilson,                          :
                                         : No. 1508 C.D. 2015
                 Petitioner              : Submitted:  April 15, 2016
                                         :
         v.                              :
                                         :
Unemployment Compensation                :
Board of Review,                         :
                                         :
                 Respondent              :


BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
          HONORABLE MICHAEL H. WOJCIK, Judge
          HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY SENIOR JUDGE FRIEDMAN                           FILED:  May 20, 2016


          Valerie Wilson (Claimant) petitions for review of the June 22, 2015, order of the Unemployment Compensation Board of Review (UCBR) reversing a referee's decision to grant Claimant unemployment compensation (UC) benefits.  The UCBR determined that Claimant was ineligible for UC benefits under section 402(b) of the Unemployment Compensation Law[1] because she voluntarily left work without cause of a necessitous and compelling nature.  We vacate and remand.

          After her separation from employment with Joshua Tree Learning Experience (Employer), Claimant applied for UC benefits, which the local service

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(b).

center granted. Employer appealed to a referee, who conducted a hearing. The referee concluded that Claimant did not voluntarily leave work but was discharged by Employer. Therefore, the referee affirmed the award of UC benefits.

Employer appealed to the UCBR, which made its own findings of fact. The UCBR found that Claimant worked for Employer from November 2013 through December 23, 2014. (UCBR's Findings of Fact, No. 1.) On December 23, 2014, Employer suspended Claimant pending its investigation of several issues. (*Id.*, No. 3.) Claimant knew that her personnel file must always remain at Employer's facility. (*Id.*, No. 2.) On December 26, 2014, Claimant entered Employer's facility and removed her personnel file without asking permission or making a copy. (*Id.*, No. 4.) Claimant did not return to work. (*Id.*, No. 5.)

The UCBR concluded that Claimant quit when she took her personnel file from Employer's facility, knowing that the file was to remain at the facility. (UCBR's Decision at 2.) The UCBR determined that this act, along with hearsay evidence that Claimant said she quit, demonstrated a conscious intent to quit. (*Id.*) The UCBR concluded that Claimant voluntarily left her employment without cause of a necessitous and compelling nature and, thus, was ineligible for UC benefits. (*Id.*) This appeal followed.[2]

---

[2] Our review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether the findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. §704.

On appeal, Claimant argues that the UCBR erred in concluding that she voluntarily quit her employment. We conclude that the UCBR's findings of fact are inadequate for this court to determine whether Claimant voluntarily quit or was discharged.

"Whether a termination of services is a voluntary quit or a discharge is a question of law" for this court to determine based on the UCBR's findings of fact. *Goffi v. Unemployment Compensation Board of Review*, 427 A.2d 1273, 1274 (Pa. Cmwlth. 1981). "[A] finding of voluntary termination is essentially precluded unless the claimant had a conscious intention to leave [her] employment." *Roberts v. Unemployment Compensation Board of Review*, 432 A.2d 646, 648 (Pa. Cmwlth. 1981).

Although the UCBR found, and Employer argues, that Claimant's removal of the file evidenced Claimant's resignation, the UCBR did not assign any motive behind the file removal. This act alone does not manifest a conscious intention to leave employment.

Additionally, the UCBR's reliance on hearsay evidence to support its finding that Claimant quit is in error. "[H]earsay evidence admitted without objection may support a finding of fact, but only if it is corroborated by other competent evidence." *Vann v. Unemployment Compensation Board of Review*, 494 A.2d 1081, 1086 (Pa. 1985). To determine whether hearsay evidence has been corroborated, "the truth of the matters asserted by way of hearsay must be substantiated by other evidence." *Id.*

3

Here, the UCBR stated that removal of Claimant's file "combined with hearsay evidence that . . . [C]laimant said she quit, demonstrated a conscious intention to quit." (UCBR's Decision at 2.) However, Claimant's removal of the file does not corroborate Claimant's hearsay statement that she quit.

Both Claimant and Employer presented testimony regarding the circumstances surrounding Claimant's separation from employment. Claimant testified that during her suspension, she went to Employer's facility to get her paycheck.[3] (N.T., 2/27/15, at 22.) Claimant saw employees going through personnel files. (*Id*. at 23.) Because Employer had previously misplaced Claimant's personnel file, which included her clearances, Claimant removed her personnel file to make a copy. (*Id*. at 23-25.) Claimant further testified that she told Employer that she took the file and would return it. (*Id*. at 25.) Claimant testified that Employer later sent Claimant a text message stating that Employer was informing the Department of Public Welfare of Claimant's discharge. (*Id*. at 24.) Employer also told Claimant that she would receive her paycheck within 30 days of Employer receiving Claimant's personnel file. (*Id*.)

Employer's witness testified that she saw Claimant take the personnel file. (*Id*. at 6.) When the witness asked Claimant where she was going with the file, Claimant kept walking. (*Id*.)

---

[3] Claimant testified that the original paycheck issued to her could not be processed because of insufficient funds. (N.T., 2/27/15, at 22.)

4

The UCBR, however, did not discuss Claimant's or Employer's testimony and did not make any credibility determinations. The UCBR's findings are inadequate for this court to determine whether Claimant voluntarily left her employment or was discharged.

Accordingly, we vacate the UCBR's order and remand this matter to the UCBR for additional findings of fact, conclusions of law, and credibility determinations.

_____
ROCHELLE S. FRIEDMAN, Senior Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Valerie Wilson,                              :
                                             : No. 1508 C.D. 2015
                        Petitioner           :
                                             :
               v.                            :
                                             :
Unemployment Compensation                    :
Board of Review,                             :
                                             :
                        Respondent           :


# O R D E R


AND NOW, this 20<u>th</u> day of <u>May</u>, 2016, we hereby vacate the June 22, 2015, order of the Unemployment Compensation Board of Review (UCBR) and remand to the UCBR for additional findings of fact, conclusions of law, and credibility determinations.


Jurisdiction relinquished.


_____
ROCHELLE S. FRIEDMAN, Senior Judge