J-A16042-16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| BRENDA FLUKER, | : | |
| | : | |
| Appellant | : | No. 1349 WDA 2015 |

Appeal from the Order September 1, 2015
in the Court of Common Pleas of Allegheny County,
Criminal Division, at No(s): CP-02-MD-0003960-2015

BEFORE:    SHOGAN, OLSON, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:          **FILED JUNE 13, 2016**

Brenda Fluker (Appellant) appeals from the September 1, 2015 order that denied her petition to appeal *nunc pro tunc* from citations she received for traffic violations. We dismiss the appeal.

"[A]lthough this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant." **Commonwealth v. Lyons**, 833 A.2d 245, 251-52 (Pa. Super. 2003). "[A] *pro se* litigant must comply with the procedural rules set forth in the Pennsylvania Rules of the Court." **Commonwealth v. Freeland**, 106 A.3d 768, 776 (Pa. Super. 2014) (quoting **Lyons**, 833 A.2d at 252). "[A]ny layperson choosing to represent himself [or herself] in a legal proceeding

---
* Retired Senior Judge assigned to the Superior Court.

must, to some reasonable extent, assume the risk that his [or her] lack of expertise and legal training will prove his [or her] undoing." ***Commonwealth v. Gray,*** 608 A.2d 534, 550 (Pa. Super. 1992) (quoting ***Vann v. Commonwealth Unemployment Compensation Bd. of Review***, 494 A.2d 1081, 1086 (Pa. 1985)).

Appellant's brief does not contain a statement of questions presented as required by Pa.R.A.P. 2111(a)(4). Her brief also is in violation of Pa.R.A.P. 2111(a)(1) (requiring a statement of jurisdiction); Pa.R.A.P. 2111(a)(3) (requiring a statement of the scope and standard of review); Pa.R.A.P. 2111(a)(6) (requiring a summary of argument); and Pa.R.A.P. 2111(a)(8) (requiring an argument section). The brief further is devoid of citations to the record or to any legal authority as are required by Pa.R.A.P. 2119(c) and (b), respectively.

Appellant's utter disregard for the Rules of Appellate Procedure has left this Court without the ability to conduct meaningful review. ***See***, ***e.g.***, ***Commonwealth v. Sanford***, 445 A.2d 149, 151 (Pa. Super. 1982) (declining to address merits of appeal because the brief was "so defective as to preclude effective, appellate review").

Accordingly, we dismiss this appeal without consideration of the merits of Appellant's complaints. ***See*** Pa.R.A.P. 1911(d) ("If the appellant fails to take the action required by these rules and the Pennsylvania Rules of

Judicial Administration for the preparation of the transcript, the appellate court may take such action as it deems appropriate, which may include dismissal of the appeal."); Pa.R.A.P. 2101 ("[I]f the defects are in the brief or reproduced record of the appellant and are substantial, the appeal or other matter may be … dismissed.").

Appeal dismissed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/13/2016