J-S01032-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | | |
|---|---|---|---|
| S.C. | | : | IN THE SUPERIOR COURT OF |
| | | : | PENNSYLVANIA |
| | Appellee | : | |
| | v. | : | |
| | | : | |
| S.P.H. | | : | |
| | | : | |
| | Appellant | : | No. 2286 EDA 2019 |

Appeal from the Order Entered July 18, 2019
in the Court of Common Pleas of Philadelphia County
Domestic Relations at No(s):  No. OC1707209

BEFORE:   BOWES, J., KUNSELMAN, J. and STRASSBURGER, J.[*]

MEMORANDUM BY STRASSBURGER, J.:          **FILED JANUARY 24, 2020**

S.P.H. (Father) appeals from the order entered July 18, 2019, which awarded both sole legal and physical custody of his son L.H., who was born in September 2013, to L.H.'s mother, S.C. (Mother).  Due to deficiencies in Father's brief, we dismiss this appeal.

Mother and L.H. reside in Philadelphia, and Father is incarcerated hours away at SCI Huntingdon.  *See* Trial Court Opinion, 10/7/2019, at 6. According to the trial court, Father has never met L.H. due to Father's incarceration prior to L.H.'s birth for third-degree murder, aggravated assault, possession of prohibited firearms, and carrying firearms in public. *Id.* at 1 n.1, 6.

---

[*] Retired Senior Judge assigned to the Superior Court.

Although neither petition appears in the certified record, the docket indicates that Mother and Father had cross-filed *pro se* custody petitions in early 2018, each seeking some form of custody of L.H. In 2018, a custody master conducted a hearing, and an interim order was entered awarding Mother primary physical and sole legal custody of L.H. pending the next hearing. Following a hearing in July 2019 before the trial court, a final order was entered awarding Mother sole physical custody and sole legal custody of L.H. Order, 7/18/2019, at 1. According to the trial court, Mother appeared in person at the hearings, and Father testified by telephone from the state correctional institute where he is serving his 37½ to 75 year prison sentence. *See* Trial Court Opinion, 10/7/2019, at 1-2, 11.

Father *pro se* filed timely a notice of appeal from the July 18, 2019 custody order. The trial court ordered Father to file a concise statement of errors complained of on appeal, and Father complied.[1]

_____

[1] Although Father failed to file his concise statement alongside his notice of appeal as required by Pa.R.A.P. 1925(a)(2)(i) for children's fast track cases, we have accepted Father's concise statement pursuant to *In re K.T.E.L.*, 983 A.2d 745, 748 (Pa. Super. 2009) (holding that the appellant's failure to comply strictly with Pa.R.A.P. 1925(a)(2)(i) did not warrant waiver of her claims, as there was no prejudice to any party). By the trial court's assessment, Father has waived two out of the three issues he presented in his concise statement by stating the issues in terms that are too vague to determine the specific error at issue. Trial Court Opinion, 10/7/2019, at 5-6. We are unable to make our own determination because Father did not include his concise statement with his brief as required by Pa.R.A.P. 2111(a)(11), and the concise statement was not forwarded to this Court as part of the certified record. Nevertheless, because we ultimately dismiss

*(Footnote Continued Next Page)*

Upon review of Father's brief, we determine that Father's noncompliance with our rules of procedure forecloses any possibility of meaningful appellate review. "[A]lthough this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant." ***Commonwealth v. Lyons***, 833 A.2d 245, 251-52 (Pa. Super. 2003). "[A] *pro se* litigant must comply with the procedural rules set forth in the Pennsylvania Rules of the Court." ***Commonwealth v. Freeland***, 106 A.3d 768, 776 (Pa. Super. 2014) (quoting ***Lyons***, 833 A.2d at 252). "[A]ny layperson choosing to represent himself [or herself] in a legal proceeding must, to some reasonable extent, assume the risk that his [or her] lack of expertise and legal training will prove his [or her] undoing." ***Commonwealth v. Gray,*** 608 A.2d 534, 550 (Pa. Super. 1992) (quoting ***Vann v. Unemployment Comp. Bd. of Review***, 494 A.2d 1081, 1086 (Pa. 1985)).

Father's brief does not contain a statement of questions presented as required by Pa.R.A.P. 2111(a)(4). His brief also is in violation of Pa.R.A.P. 2111(a)(1) (requiring a statement of jurisdiction); Pa.R.A.P. 2111(a)(2) (requiring a separate section for the order in question); Pa.R.A.P. 2111(a)(3) (requiring a statement of the scope and standard of review); Pa.R.A.P. 2111(a)(5) (requiring a separate statement of the case); Pa.R.A.P.

*(Footnote Continued)* ───────────────

Father's entire appeal based on the deficiencies in his brief, we need not address waiver on this basis.

2111(a)(6) (requiring a summary of argument); and Pa.R.A.P. 2111(a)(8) (requiring an argument section). Although the brief contains some citations to the record and legal authority as required by Pa.R.A.P. 2119, in context, the citations are largely unhelpful. This is because Appellant's brief reproduces verbatim almost all of the text from this Court's decision in *S.T. v. R.W.*, 192 A.3d 1155 (Pa. Super. 2018), and periodically intermingles facts and analysis from his own case without clearly distinguishing as such. As a whole, particularly without a clear statement of questions presented as required by Pa.R.A.P. 2111(a)(4) and separate sections analyzing any such questions, Appellant's brief is jumbled and difficult to follow, and the issues he presents to this Court are not clear. Accordingly, we conclude that Appellant's utter disregard for the Rules of Appellate Procedure has left this Court without the ability to conduct effective review. *See*, *e.g.*, *Commonwealth v. Sanford*, 445 A.2d 149, 151 (Pa. Super. 1982) (declining to address merits of appeal because the brief was "so defective as to preclude effective[] appellate review").

Based on the foregoing, we dismiss this appeal without consideration of the merits of Appellant's complaints. *See* Pa.R.A.P. 2101 ("[I]f the defects are in the brief or reproduced record of the appellant and are substantial, the appeal or other matter may be … dismissed.").

Appeal dismissed. Jurisdiction relinquished.

- 4 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/24/20