**Melissa MASURE, President, t/a Heroic Hoagie, Inc., Appellee,**

v.

**Anthony MASSA, Jr., and James P. Athens and Kasa's Inc. by Michael M. Kasapov.**

**Appeal of Anthony MASSA, Jr. and James P. Athens, Appellant.**

**HEROIC HOAGIE, INC., by Melissa MASURE, President, Appellee,**

v.

**Anthony MASSA, Jr. and James P. Athens, and Kasa's, Inc. by Michael M. Kasapov.**

**Appeal of KASA'S, INC. by Michael M. KASAPOV, Appellant.**

Superior Court of Pennsylvania.

Argued Jan. 14, 1997.
Filed April 21, 1997.

David A. Martino, Brodheadsville, for Massa and Athens, appellants.

Holly Conway, Stroudsburg, for Kasa's, appellant.

Stephen Bresset, Honesdale, for Masure, appellee.

Before DEL SOLE, POPOVICH and OLSZEWSKI, JJ.

DEL SOLE, Judge:

Before us are appeals from a May 13, 1996 order and decree of the Court of Common Pleas of Monroe County granting Appellee's petition for injunctive relief.

The facts of the case reveal that in May 1993, Appellee Heroic Hoagie, Inc. (Original Tenant) entered into a commercial lease agreement with Appellants Anthony Massa, Jr. and James P. Athens (Landlords) for space at Landlords' mini-mall. The lease contained a restrictive covenant prohibiting Landlords from leasing space to would-be competitors of Original Tenant. In December 1995, Landlords entered into a lease agreement with Appellant Kasa's, Inc. (New Tenant) which contained a provision limiting the menu items which New Tenant could sell until Original Tenant left the mini-mall. However, New Tenant offers for sale several retail food items also furnished by Original Tenant. The overlapping menu items account for 21 percent of New Tenant's food sales. Original Tenant filed a complaint for injunctive relief for breach of covenant. The complaint was followed by a petition for preliminary injunction. A hearing was held on the petition and a decree was issued granting the request for injunctive relief. Both Landlords and New Tenant filed appeals to this court. We affirm.

The sole issue presented for our review is whether the lower court erred in issuing the preliminary injunction based upon the evidence submitted.

Landlords and New Tenant argue that Original Tenant failed to meet the re-

quirements for the issuance of a preliminary injunction.

[A]n appellate court's review of the grant or denial of a preliminary injunction is limited to a determination of whether any apparently reasonable grounds existed for the action taken by the trial court; appellate courts will not review the merits of the controversy itself. The Superior Court may interfere with the [lower court's] decision regarding a preliminary injunction only if the certified record reveals that no grounds exist to support the decree, or that the rule of law relied upon was either palpably erroneous or misapplied. In order to sustain a preliminary injunction, *the plaintiff's right to relief must be clear, the need for relief must be immediate, and the injury must be irreparable if the injunction is not granted.*

*Sovereign Bank v. Harper,* 449 Pa.Super. 578, 590, 674 A.2d 1085, 1091 (1996) (citations omitted) (emphasis original).

■ Pennsylvania law places the burden upon the party seeking an injunction to establish his or her own rights as well as the inequitable nature of the defendant's conduct. Nevertheless, the defendant must show that his or her conduct was reasonable or that a defense exists to the plaintiff's claims. *Id.* at 591, 674 A.2d at 1092.

At issue in this case is the interpretation of the contracts. The five year Lease Agreement between Original Tenant and Landlords contained the following restrictions:

## ARTICLE 6. RECIPROCAL LIMITATIONS

### Exclusive Business Rights

6.01 LESSOR will not in any way lease out, operate, or otherwise provide or allow any premises under LESSOR'S control to establish, conduct, or offer the following types of merchandise or services: retail food sales or convenience store.

### Tenant's Refraining From Competition

6.02 LESSEE will not, during the term of this lease, in any way establish or conduct the following business or service: the sale of alcoholic beverages or pizza.

### Enforcement of Exclusive and Noncompetitive Rights

6.03 It is agreed that either LESSOR or LESSEE may bring an action against the other, or against any third party involved, for injunctive relief by way of enforcement of the above provisions on restricted use of space and competition, after giving of written notice by the party aggrieved under this lease to the other lease party of the alleged violation and allowing seven days' time for such party to take satisfactory action to remedy the breach. In addition to the above rights, after passage of the above seven days' notice, the aggrieved party may elect at any time until actual remedy of the breach to cancel the lease on thirty days' written notice."

■ The Lease Agreement between Landlords and New Tenant contained the following provision:

*Restrictions.* Lessor agrees to allow Lessee to sell all items listed on attached menu-exhibit C and be made part of said Lease agreement. Lessor also agrees Lessee has option to install hot and cold salad bar, dinners and any items that are not presently served by Heroic Hoagie. There will be no limit on menu except cold hoagies until Heroic Hoagie leaves. Lessor will give Lessee first option to add cold hoagies etc. to Lessee menu, before passing this option on to a new tenant.

Section 6.03 of Original Tenant's contract permits injunctive relief to enforce the reciprocal limitations of the lease. Landlords were restricted from leasing their premises for retail food sales and New Tenant agreed to restrictions favoring Original Tenant. Original Tenant presented substantial evidence that New Tenant, a pizzeria and steak house, is in the business of retail food sales and that twenty-one percent of New Tenant's business is from items which are also sold by Original Tenant. Consequently, Original Tenant has established a clear right to relief.

Our next question is whether Original Tenant's need for relief was immediate. Original Tenant offered evidence that it suffered a loss of income and there has been a noticeable drop-off in dinner and weekend business

since New Tenant opened its enterprise. N.T. 5/6/96 p. 16. This evidence is sufficient to support the conclusion that Original Tenant needed an immediate resolution to the breach of the restrictive covenant.

Finally we must determine whether Original Tenant would suffer an irreparable injury if the preliminary injunction were not granted. An injury is regarded as irreparable if it will cause damage which can be estimated only by conjecture and not by an accurate pecuniary standard. *Sovereign,* at 593, 674 A.2d at 1093. In a commercial context, the impending loss of a business opportunity or market advantage may aptly be characterized as an irreparable injury for this purpose. *Id.*

Testimony presented at the hearing indicated that Original Tenant signed the lease expecting to be the only retail food establishment in Landlords' mini-mall. N.T. 5/6/96 p. 37. In addition, evidence established that since New Tenant began operation, Original Tenant's business began to drop-off. N.T. 5/6/96 p. 17. Therefore, Original tenant suffered irreparable injury as the number of lost customers cannot be accurately calculated and Original Tenant has been deprived of a bona fide market advantage for which it bargained. Consequently, we find that the trial court based its decision on reasonable grounds, and that the record contains no indication that it either misapplied Pennsylvania law or relied on a palpably erroneous interpretation of our law in reaching its determination.

In addition, Landlords argue that the language of the restrictive covenant is ambiguous and must be construed in favor of the land owners. Also, New Tenant claims that it cannot be liable for a breach of the contract as it was not a party to the contract between Landlords and Original Tenant. However, neither issue was presented to the lower court. Accordingly, they are waived on appeal. *Dollar Bank v. Swartz,* 540 Pa. 369, 657 A.2d 1242 (1995).

Order affirmed.