**Middleton v. Lycoming Housing**

*Jennifer L. Heverly*, for appellant.
*John Bonner*, for appellee.

GRAY, *J.*, February 13, 2014—This matter comes before the court on appellant's motion for special injunction related to a local agency appeal. On December 3, 2013, the time set for a hearing on the motion for a preliminary injunction, counsel submitted argument, research and a transcript derived from audio recordings of the second formal hearing that occurred on October, 7, 2013 before the Lycoming Housing Authority. Upon review of the transcript, pleadings, motion and answer to the motion, arguments and research submitted in this matter, it is hereby ordered and directed that appellant's motion for special injunction pursuant to Pa. R.C.P. No. 1531 is granted. Accordingly, the temporary order entered in this matter on November 1, 2013 remains in full force and effect pending a final hearing on motion for permanent injunction and on the agency appeal.

## I. Factual and Procedural Background

The appellant is Mr. Middleton who resides as a tenant at an apartment on High Street in Williamsport. Mr. Middleton has continuously received and relied upon

housing assistance payments provided under the federal Section 8 housing program in the amount of $458 per month to help pay his rent. Mr. Middleton is 51 years old, has had both of his legs amputated and requires housing which is wheelchair and handicapped-accessible. Due to his disability, Mr. Middleton is unable to engage in substantial gainful employment and receives social security disability benefits in the amount of $730 per month.

The appellee is the Lycoming Housing Authority. On April 24, 2013, the housing authority proposed termination of Mr. Middleton's housing assistance payments because criminal charges were pending against him. After an informal hearing, the decision to terminate the housing assistance payments was upheld. A formal hearing was held in June 26, 2013. After that formal hearing, the termination of the housing assistance payments was again upheld. On July 17, 2013, Mr. Middleton filed a local agency appeal. By agreement of the parties the case was remanded for a second formal hearing which was held on October 4, 2013. Following the second formal hearing, the decision to terminate the housing assistance payments was again upheld.

On November 1, 2013, Mr. Middleton filed a local agency appeal pursuant to 2 Pa. C.S. § 752 of the October 4, 2013 determination by the Lycoming Housing Authority to terminate his Section 8 housing assistance. At the same time, Mr. Middleton filed a motion for special injunction alleging that termination of his housing assistance payments from November 2013 forward would result in the loss of Mr. Middleton's housing pending review of the agency's determination and that Mr. Middleton cannot pay the full monthly rental amount on his own.

Mr. Middleton proceeded in the matter in forma pauperis pursuant to Pa. R.C.P. No. 240(d) upon certification by an attorney from North Penn Legal Services who represents Mr. Middleton for free and believes he is unable to pay the costs. On November 1, 2013, the court entered an order and special injunction and scheduled a hearing within 5 days. Subsequently, the parties agreed to continue the matter until the December 3, 2013 hearing. At the time of the hearing, the parties agreed that the matter could be decided based upon the transcript, record, arguments and research submitted. No testimony was taken at that time.

## II. Discussion

In this matter, the court concludes that the plaintiff is entitled to a preliminary injunction. In order to obtain a preliminary injunction within the Commonwealth, the party requesting the injunctive relief must establish six "essential prerequisites." *Warehime v. Warehime*, 860 A.2d 41, 46 (Pa. 2004). *See also Brayman Constr. Corp. v. Dep't of Transp.*, 13 A.3d 925, 935 (Pa. 2011); *Summit Towne Ctr., Inc. v. Shoe Snow of Rocky Mount, Inc.*, 828 A.2d 995, 1001 (Pa. 2003). In particular, the requesting party must establish:

(1) relief is necessary to prevent immediate and irreparable harm that cannot be adequately compensated by money damages; (2) greater injury will occur from refusing to grant the injunction than from granting it; (3) the injunction will restore the parties to their status quo as it existed before the alleged wrongful conduct; (4) the petitioner is likely to prevail in the merits; (5) the injunction is reasonably situated to abate the offending activity; and (6) the public interest will not be harmed if the injunction is granted.

*Brayman Constr. Corp.*, 13 A.3d at 935. *See also Warehime*, 860 A.2d at 46-47; *Summit Towne Centre, Inc.*, 828 A.2d at 1002. Accordingly, this court will discuss each of the six prerequisites.

### 1. Immediate and Irreparable Harm to Plaintiff

Plaintiff has satisfied his burden in showing that he will suffer immediate and irreparable harm that cannot be adequately compensated by money damages if an injunction is not issued. "An injury is regarded as irreparable if it will cause damage which can be estimated only by conjecture and not by an accurate pecuniary standard." *Masure v. Massa*, 692 A.2d 1119, 1122 (Pa. Super. Ct. 1997) (citation omitted) Irreparable harm may also occur upon the violation of one's constitutional rights. *See, Lewis v. Kugler*, 446 F.2d 1343, 1350 (3d Cir. 1971).

In the instant case, the harm at issue is the loss of federal housing assistance needed for rent to avoid the loss of current housing. The harm also implicates constitutional rights as the loss is based upon a determination that relied solely uncorroborated and objected to hearsay evidence. Mr. Middleton is a double amputee who receives social security disability benefits in the amount of $730 per month. The housing assistance payments at issue in this case are in the amount of $458 per month, which is more than half of his entire monthly disability benefit. The court finds that, without those monthly housing assistance payments, Mr. Middleton would be unable to pay his rent for his current wheelchair and handicapped-accessible housing. The court further finds that, without the housing assistance payments, Mr. Middleton would likely become homeless or be subjected to inadequate and/or transient and/or substandard housing. These are injuries that cannot

be adequately compensated by money damages.

## 2. Injury Resulting

Granting a preliminary injunction in this matter is appropriate because greater injury will result from denying the injunction than granting it. Here, if an injunction is erroneously granted, the housing authority would suffer a monetary harm, which can potentially be recovered. By contrast, an erroneous failure to grant an injunction would result in Mr. Middleton essentially losing his current affordable and wheelchair and handicapped-accessible housing which could not be remedied by a money judgment. Therefore, greater injury will result from denying the injunction than from granting it.

## 3. Restoration of the Status Quo

Granting a preliminary injunction in this matter will restore the parties to the status quo prior to the termination of the housing assistance payments. A preliminary injunction should maintain the status quo of the parties that immediately preceded the pending controversy. *York Group, Inc. v. Yorktowne Caskets, Inc.*, 924 A.2d 1234, 1244 (Pa. Super. Ct. 2007). The controversy in this case involves a dispute as to whether Mr. Middleton's housing assistance payments were being terminated in violation of his constitutional rights, federal law and Pennsylvania agency law under the provisions of subchapter B of 2 Pa.C.S. Chapter 5. The status quo prior to this controversy was that the housing assistance payments were being made. The injunction required that the status quo be maintained by requiring that the housing assistance payments continue pending final resolution of this matter. Therefore, the granting of a preliminary injunction in this case would restore the parties to the status quo prior to

the taking of the disputed action of terminating the federal housing assistance payments.

4. Plaintiff's Likelihood of Success on the Merits of his Claim

The court finds that appellant Mr. Middleton has satisfied his burden in showing that he has a strong likelihood of success on the merits of his claim, i.e., his agency appeal. When considering a party's likelihood of success on the merits, in *Ambrogi v. Reber*, 932 A.2d 969 (Pa. Super. Ct. 2007), our Superior Court held that "the party seeking an injunction is not required to prove that he will prevail on his theory of liability, but only that there are substantial legal questions that the trial court must resolve to determine the rights of the party." *Id.* at 976. In this matter, the burden of proof is placed on Mr. Middleton because he is the party requesting the injunctive relief. *Warehime*, 860 A.2d at 47.

In the instant case, Mr. Middleton is likely to succeed on the merits of his claim because the housing authority failed to produce or rely upon sufficient probative evidence to prove by a preponderance of the evidence that Mr. Middleton is ineligible for Section 8 housing assistance. Following a second formal hearing, the housing authority issued a decision to uphold the termination of the housing assistance payments. *See,* Letter dated October 11, 2013 by MeriLyn Severson, Executive Director, Lycoming Housing Authority, attached as Exhibit "A" to the appeal from local agency decision ("decision"). In the decision, the housing authority determined that Mr. Middleton was ineligible for Section 8 housing assistance benefits and terminated him from that program pursuant to Section 17 of their admission and occupancy policy. Under that policy,

a person may be denied program assistance or terminated from program assistance for the following reasons.

> [i]f any member of the family commits drug-related criminal activity, violent criminal activity, or any criminal activity against persons or property that threatens the health, safety, and/or right to peaceful enjoyment of the premises or neighbors and/or residents of the premises." ("decision")

The next paragraph states *"Evidence of Violation:"* followed by reference to a police affidavit and a brief recitation of the informational content of that affidavit. The next and last paragraph then provides Mr. Middleton with his appeal rights. Upon review of the decision and the transcript of the formal hearing, this court finds that the only evidence presented by the Lycoming Housing Authority in support of its decision was the police affidavit. However, the police officer was not present at the hearing and did not provide testimony and was not subject to cross-examination. There is nothing in the transcript or pleadings explaining the absence of testimony by the police officer, such as failed attempts to obtain his testimony in person or by telephone. The police affidavit was objected to as hearsay. *See,* transcript of the 2nd formal hearing dated October 8, 2013 ("Tr."), at 2. As a result of the hearsay objection, the police affidavit cannot be the sole basis for the agency's determination. *See, Zajac v. Altoona Housing Authority,* 626 A.2d 1271, 1275 (Pa. Commwlth. 1993) (noting that objected to hearsay evidence cannot support a finding of the housing authority.)[1] Since there is no other

---

1. The housing authority argued that since 24 C.F.R. 982.555(e)(5) allows the hearing officer to consider evidence without regard to admissibility, it follows that such evidence can be sufficient to meet its burden of proof and should trump the case-law in Pennsylvania

independent probative evidence in the record, the court believes that Mr. Middleton has a strong likelihood of success on the merits of his appeal.

The housing authority argued that it could rely upon an adverse inference from Mr. Middleton's exercise of his fifth amendment right not to incriminate himself to carry its burden. This court does not agree. There is nothing in the record which indicates that the agency drew an adverse inference from the refusal to testify, much less relied upon it to carry the burden of proof. The decision states *"Evidence of Violation"*: followed by the police affidavit and its contents. It does not mention anywhere that Mr. Middleton's refusal to testify was evidence considered by the agency.[2] This court believes and finds that the housing authority made its decision based solely upon the police affidavit which was properly objected to as hearsay. Moreover, the court does not agree that the housing authority can rely upon an adverse inference to carry its burden of proof. Even with an adverse inference against Mr. Middleton, there still must be "independent, probative evidence" to support the inference drawn, particularly when the evidence is needed to meet the burden of proof. *See, e.g., Harmon v. Mifflin County Sch. Dist.*, 713 A.2d

---

interpreting local agency law. This court disagrees. It does not follow that evidence is sufficient to meet ones burden of proof just because that evidence may be considered without regard to admissibility. Indeed, Pennsylvania local agency law also provides that local agencies are not bound by technical rules of evidence at agency hearings. 2 Pa.C.S. § 554. However it is well established in Pennsylvania that hearsay evidence properly objected to cannot be the sole support for an agency determination. *Walker v. Unemployment Compensation Board of Review*, 527 A.3d 366 (1976).

2. The housing authority is required to issue a "written decision, stating briefly the reasons for the decision," and its factual determinations must be "based on a preponderance of the evidence presented at the hearing." 24 C.F.R. 982.555 (e)(6).

620, 624-625 (Pa. 1998), *referencing, Petrone v. U.C.B.R.*, 557 A.2d 1118 (Pa. Cmwlth. 1989). In this case, the only evidence was the objected to hearsay evidence.[3] For these reasons, the court believes that Mr. Middleton has a strong likelihood of success on the merits of his appeal of the agency determination.

### 5. Reasonableness of the Preliminary Injunction

Granting a preliminary injunction in this case will reasonably abate the offending activity. It will require the housing assistance payments to be made which in turn will allow Mr. Middleton to continue to pay his rent in a timely fashion.

### III. Protecting the Public Interest

Lastly, granting a preliminary injunction in this matter will protect the public interest. In this case, it appears the housing authority did not produce any non-hearsay evidence to support the termination of housing assistance payments. The case was previously remanded by agreement of the parties for a second formal hearing in part to allow the housing authority the opportunity to get further evidence. Tr. at 2. Yet, nothing in the record suggests that housing authority requested the police officer's testimony. Housing subsidies help prevent homelessness and transience among the poor. The public interest is served by requiring that some non-hearsay evidence of in-eligibility be considered prior to terminating housing assistance to a low income individual.

---

3. The parties agree that a complete record was developed before the local agency. *See, Appeal from Local Agency Decision,* ¶ 16 and corresponding answer to the appeal. Therefore, the court cannot allow further testimony and must review the certified record. 2 Pa.C.S. § 754(b).

## IV. Conclusion

In short, this court finds that plaintiff has satisfied his burden and is entitled to a preliminary injunction in this matter. This court commends the Lycoming Housing Authority for the laudable goal of ensuring that only eligible individuals receive housing assistance payments. However, this court is constrained by due process, constitutional rights, federal law and Pennsylvania agency law when reviewing the termination of housing assistance payments. When seeking to terminate a federal subsidy for affordable housing, the housing authority must present sufficient probative non-hearsay evidence to support its decision; otherwise the courts are constrained to reverse the determination.

## ORDER

And now, this 13th day of February, 2014, pursuant to this opinion, it is hereby ordered and directed that plaintiff's motion for a preliminary injunction is granted. A final hearing on the motion for permanent injunction and an on the record review of the local agency appeal pursuant to 2 Pa. C.S. § 754 is scheduled for the 7th day of March, 2014 at 2:30 p.m. in Courtroom #3. Appellee is directed to either file a certification that the transcript submitted to the court constitutes the complete and certified record in this matter or file and forward the complete and certified record to the court and opposing counsel.

Under the circumstances of appellant's indigency and for good cause shown, appellant may proceed under Pa. R.C.P. No. 240(f) without paying costs or posting bond.