J-S48013-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SHANE SHAQUILL HOLLOWAY | : | |
| | : | |
| Appellant | : | No. 204 MDA 2017 |

Appeal from the PCRA Order March 1, 2017
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0002479-2013

BEFORE: OTT, J., STABILE, J., and PLATT, J.[*]

MEMORANDUM BY OTT, J.:                    **FILED JANUARY 22, 2018**

Shane Shaquill Holloway appeals, *pro se*, from the order entered in the Dauphin County Court of Common Pleas, dated March 1, 2017, dismissing his first petition filed pursuant to the Post-Conviction Relief Act ("PCRA"),[1] without a hearing. Holloway seeks relief from the aggregate sentence of life imprisonment imposed on April 9, 2014, after a jury convicted him of second-degree murder, robbery, firearms not to be carried without a license, and tampering with physical evidence.[2] On appeal, Holloway raises numerous

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

[2] 18 Pa.C.S. §§ 2502(b), 3701(a)(1)(i), 6106(a)(1), and 4910(1), respectively.

claims of ineffective assistance of counsel as well as trial court error. Based on the following, we affirm.

The pertinent facts and procedural history underlying this appeal are well-known to the parties, and were recounted by a panel of this Court in the memorandum decision affirming his judgment of sentence on direct appeal. *See Commonwealth v. Holloway*, 120 A.3d 1061 [820 EDA 2014] (Pa. Super. 2015) (unpublished memorandum at 1-7), *appeal denied*, 125 A.3d 1199 (Pa. 2015). Accordingly, we need not reiterate them herein. We note only Holloway's convictions stem from a drug transaction going awry, which resulted in the robbery and the fatal shooting of Courtney Jackson. A four-day jury trial began on March 24, 2014. The jury convicted Holloway of the aforementioned crimes. On April 9, 2014, the court imposed the following sentence: (1) life imprisonment for the second-degree murder charge; (2) a concurrent term of two to five years' incarceration for the firearm violation; and (3) a concurrent term of six months to two years' imprisonment for the tampering with evidence crime.[3] A panel of this Court affirmed Holloway's judgment of sentence on March 23, 2015, and the Pennsylvania Supreme Court denied his petition for allowance of appeal on September 30, 2015. *Id.*

_____

[3] The robbery crime merged with the murder for sentencing purposes.

Holloway filed a timely, *pro se* PCRA petition on September 6, 2016. Counsel was appointed, but later filed a motion to withdraw as counsel and ***Turner/Finley***[4] "no merit" letter. On January 4, 2017, the PCRA court issued a notice of intention to dismiss Holloway's petition without a hearing pursuant to Pa.R.Crim.P. 907, and granted counsel's request to withdraw. Holloway did not file a response to the Rule 907 notice. On March 1, 2017, the PCRA court dismissed his petition, and this *pro se* appeal followed.[5, 6]

Preliminarily, we note: "[A]lthough this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant." ***Commonwealth v. Lyons***, 833 A.2d 245, 252 (Pa. Super. 2003), *appeal denied*, 879 A.2d 782 (Pa. 2005) (some citations omitted). "[A]ny layperson choosing to represent himself in a legal

---

[4] ***See Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[5] Holloway filed a premature notice of appeal on January 18, 2017, appealing from the Rule 907 notice, which is not a final, appealable order. ***See*** Pa.R.A.P. 301; ***Commonwealth v. McGarry***, 172 A.3d 60 n.1 (Pa. Super. 2017). Nevertheless, the appeal was perfected when the court dismissed the petition by final order on March 1, 2017. ***See id.***, *citing* ***Commonwealth v. Cooper***, 27 A.3d 994, 1004 (Pa. 2011) ("The appeal may have been premature when filed; but the subsequent actions of counsel and the trial court fully ripened it."); Pa.R.A.P. 905(a)(5). Accordingly, Holloway's appeal is properly before us.

[6] On February 1, 2017, the PCRA court ordered Holloway to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Holloway filed a concise statement on February 21, 2017. The PCRA court issued a statement, in lieu of an opinion pursuant to Pa.R.A.P. 1925(a), on March 1, 2017, adopting its January 4, 2017, order.

proceeding must, to some reasonable extent, assume the risk that his lack of expertise and legal training will prove his undoing." **Commonwealth v. Gray,** 608 A.2d 534, 550 (Pa. Super. 1992), *quoting* **Vann v. Commonwealth Unemployment Compensation Bd. of Review**, 494 A.2d 1081, 1086 (Pa. 1985). As such, we cannot serve as Holloway's counsel and litigate his claims for him.

Holloway identifies the following issues in his statement of questions involved:

> 1. Whether the trial court abused its discretion when it allowed the jury to return a verdict before providing the requested jury instructions concerning accomplice liability for homicide 1, 2, and 3 and accomplice liability charge?
>
> 2. Whether trial counsel [was] ineffective for failing to raise [a] claim, formally object, motion for a mistrial or file a post-sentence motion when trial court erred by failing to provide the requested instruction on accomplice liability?
>
> 3. Whether the trial court violated the Eighth Amendment and proportionate penalties clause of the Constitution where sentencing [Holloway to life imprisonment] would be cruel, degrading, and wholly disproportionate to the offense as to shock the moral sense of the community?

Holloway's Brief at 1.

Holloway's first issue is waived. **See** 42 Pa.C.S. § 9544(b) ("For purposes of this subchapter, an issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding."). We note that generally, claims of trial court error, other than those enumerated in 42

Pa.C.S. § 9543(a)(2)(i-viii), are not cognizable under the PCRA. Here, Holloway could have raised this claim on direct appeal, but he failed to do so. Accordingly, we need not address Holloway's first argument further.[7]

Next, Holloway contends trial counsel was ineffective for not arguing that the trial court failed to provide the requested jury instructions. *See* Holloway's Brief at 4. By way of background, the trial court noted the following regarding jury questions during deliberations:

> Question number one was may we have written copies of the law of murder 1, murder 2 and murder 3. That was the first question.
>
> The second question was what constitutes accomplice liability in criminal homicide in murder 1, murder 2, murder 3.

_____

[7] We note Holloway raised a similar claim on direct appeal:

> Whether the trial court committed a fundamental error of law where it erroneously instructed the jury that an accessory after the fact may be liable as an accomplice where such instruction misled and confused the jury, and prejudiced [Holloway] as the charge permitted a finding of guilt without requiring the Commonwealth to establish the critical elements of accomplice liability beyond a reasonable doubt?

*Holloway*, 120 A.3d 1061 [820 EDA 2014] (Pa. Super. 2015) (unpublished memorandum at 7). Accordingly, Holloway's argument also could be considered "previously litigated," and therefore, not cognizable pursuant to 42 Pa.C.S. § 9544(a)(2) (an issue is previously litigated if "the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue[.]"). *See also Commonwealth v. Santiago*, 855 A.2d 682, 697 (Pa. 2004) (quotation omitted) ("[A]n 'appellant cannot obtain post-conviction review of claims previously litigated on appeal by challenging ineffective assistance of prior counsel and presenting new theories of relief to support previously litigated claims.'").

They went out to begin their deliberations around 10:30, I believe, when we were finished. They worked through the lunch hour. The verdict was at 3:00.

I'll put on the record that the Court and counsel, we did not answer question No. 2. Murder 1 was sent down to them. I'll put that on the record, that th[e] written instruction was sent. Murder 2 didn't get sent down to them. And murder 3 did not get sent down.

I'll just put on the record, question No. 2 was not provided to them as well. I just want to get the length of their deliberations.

I guess the record should be clear, counsel and the Court were in chambers evaluating and doing this when they knocked that they had a verdict.

N.T., 3/27/2014, at 59.

Additionally, the PCRA court further reflected on the jury instructions in

its January 4, 2017, order:

While the trial court gave a detailed explanation of accomplice liability, it was a general instruction, rather than an instruction geared towards a certain offense. However, the trial court gave detailed instructions regarding accomplice liability/conspiracy as it pertains to first-degree murder, second-degree murder, and third-degree murder. Even though the jury requested further instructions, a verdict was reached before the additional instructions were provided. "[W]here the killing was in furtherance of the conspiracy is a question of proof for the jury to resolve." *Commonwealth v. Middleton*, 467 A.2d 841, 848 (Pa. Super. 1983).

PCRA Court Order, 1/4/2017, at 4-5 (record citations omitted).

Holloway states:

During [his] trial, the jury was deliberating and asked two questions that did not get answered by the judge. In the present circumstance, trial counsel was aware of the court[']s failure to provide the requested instructions on criminal homicide in murder 2 and murder 3. Also, "what constitutes accomplice liability in

- 6 -

murder 1, 2, and 3" to the jury. This is evidenced by the transcript.

The fact that counsel did not formally object, motion for a mistrial, or file a post-sentence motion on the issues to preserve it, is on its face unreasonable.

Holloway's Brief at 4-5. He argues counsel did not have a reasonable basis for failing to do so and as a result, he was prejudiced because "it could have been a different verdict." *Id.* at 5. Additionally, he alleges:

The jury was unable to consider the applicable law to a matter that had been made an issue during proceedings. Specifically that of [Holloway's] degree of guilt as a potential accomplice and not the actual actor. Absent appropriate (and requested) instruction, the jury was only able to consider the instructions that it had already received.

*Id.* at 5-6.

Our review of an order denying PCRA relief is well-established: "In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error." *Commonwealth v. Mitchell*, 141 A.3d 1277, 1283–1284 (Pa. 2016) (internal punctuation and citation omitted). "Great deference is granted to the findings of the PCRA court, and these findings will not be disturbed unless they have no support in the certified record." *Commonwealth v. Carter*, 21 A.3d 680, 682 (Pa. Super. 2011) (citation omitted), *appeal denied*, 72 A.3d 600 (Pa. 2013). Moreover, "[t]he PCRA court's credibility determinations, when supported by the record, are binding on this Court." *Commonwealth v. Spotz*, 18 A.3d 244, 259 (Pa. 2011).

"It is well-established that counsel is presumed effective, and to rebut that presumption, the PCRA petitioner must demonstrate that counsel's performance was deficient and that such deficiency prejudiced him." ***Commonwealth v. Koehler***, 36 A.3d 121, 132 (Pa. 2012), *citing* ***Strickland v. Washington***, 466 U.S. 668, 687-691 (1984). Moreover,

> "[t]o plead and prove ineffective assistance of counsel a petitioner must establish: (1) that the underlying issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) actual prejudice resulted from counsel's act or failure to act." ***Commonwealth v. Chmiel***, 612 Pa. 333, 30 A.3d 1111, 1127 (Pa. 2011). Where the petitioner "fails to plead or meet any elements of the above-cited test, his claim must fail." ***Commonwealth v. Burkett***, 2010 PA Super 182, 5 A.3d 1260, 1272 (Pa. Super. 2010).

***Commonwealth v. Stewart***, 84 A.3d 701, 706-707 (Pa. Super. 2013), *appeal denied*, 93 A.3d 463 (Pa. 2014).

> Here, the PCRA court found the following:
>
> This allegation is without merit. As previously mentioned, the jury came back with a verdict before given additional explanation regarding accomplice liability. However, the trial court did give instruction on accomplice liability. [Holloway] does not provide any facts as to how he was prejudiced.[14] As such, this claim lacks merit.
>
> _____
>
> [14] [Holloway] merely alleges that the jury was only able to consider the instructions it had already received.

Order, 1/4/2017, at 6-7 (record citation omitted). Furthermore, the PCRA court opines Holloway failed to demonstrate he was prejudiced by counsel's actions. ***Id.*** at 7.

We agree with the court's well-reasoned analysis, and our review reveals its findings are supported by the record. Additionally, we note:

> [W]hen evaluating the propriety of jury instructions, this Court will look to the instructions as a whole, and not simply isolated portions, to determine if the instructions were improper. We further note that, it is an unquestionable maxim of law in this Commonwealth that a trial court has broad discretion in phrasing its instructions, and may choose its own wording so long as the law is clearly, adequately, and accurately presented to the jury for its consideration. Only where there is an abuse of discretion or an inaccurate statement of the law is there reversible error.

*Commonwealth v. Oliphant*, 156 A.3d 341 (Pa. Super. 2016), *quoting Commonwealth v. Antidormi*, 84 A.3d 736, 754 (Pa. Super. 2014), *appeal denied*, 95 A.3d 275 (Pa. 2014) (citations and bracket omitted).

Here, the record reveals the court instructed the jury at length regarding the various degrees of murder, as well as conspiracy and accomplice liability. *See* N.T., 3/27/2014, at 14-32. Furthermore, the court and the parties had provided certain answers to the jury's questions and were formulating the remainder of the responses when the jury returned its verdict. As such, there was no reason for counsel to object or request a different instruction. Additionally, on direct appeal, a panel of this Court analyzed Holloway's challenge to the accomplice liability instruction and concluded that it was proper. *See Holloway*, 120 A.3d 1061 [820 EDA 2014] (Pa. Super. 2015) (unpublished memorandum at 9-11). Therefore, Holloway's argument does not meet two prongs of the ineffectiveness test, that the underlying argument

had arguable merit and that he was prejudiced by counsel's actions. **See Stewart**, **supra**. Accordingly, we find no relief is warranted on this issue.

Lastly, Holloway argues his life sentence violates his constitutional rights under the Eighth Amendment of the United States Constitution. **See** Holloway's Brief at 6. He states: "The punishment of life imprisonment without the possibility of parole is itself a severe sanction, in particular for a young person. That sentence is just cruel and [] unusual punishment." **Id.** (citation omitted). Moreover, Holloway asserts he was "18 years old and 6 months at the time of the commission of [the] crime. [He was] also barely a legal adult and still a teenager…. [His] youthfulness should be relevant when considered along side [sic] the participation in [the] shooting by just being merely at the scene." **Id.** at 7.

Holloway does not provide any citation to Article I, Section 13 of the Pennsylvania Constitution or relevant case law.[8] In **Commonwealth v. Baker**, 78 A.3d 1044 (Pa. 2013), the Pennsylvania Supreme Court set forth and analyzed the three prong test for determining whether a defendant's

---

[8] Holloway cites one Pennsylvania case, **Commonwealth v. Whitaker**, 30 A.3d 1195 (Pa. Super. 2011), *appeal granted*, 74 A.3d 117 (Pa. 2013), for a general statement regarding cruel and unusual punishment. However, that case is distinguishable because the defendant was 17 years old, a minor, at the time of the offense. Moreover, Holloway relies heavily on an Illinois state case but does not give a proper citation, "People (Illinois) v. House, N.E. 3d (2015))." We note we are not bound by the decisions of our sister states. **See Commonwealth v. Neckerauer**, 617 A.2d 1281, 1285 (Pa. Super. 1992).

sentence violates constitutional prohibitions on cruel and unusual punishment: "(i) the gravity of the offense and the harshness of the penalty; (ii) the sentences imposed on other criminals in the same jurisdiction; and (iii) the sentences imposed for commission of the same crime in other jurisdictions." *Id.* at 1047 (citation omitted). Here, Holloway did not discuss any of the three prongs in his argument, and therefore, he has not met his burden of establishing that his sentence amounted to cruel and unusual punishment.

Additionally, we note Holloway's claim is actually a challenge to the discretionary aspects of his sentence, insofar as he is claiming the trial court failed to consider his young age when it imposed his sentence. To the extent Holloway challenges discretionary aspects of his sentence, we conclude this issue is waived as such a claim is not cognizable under the PCRA. *See* 42 Pa.C.S. § 9543(a)(2)(i-viii). More importantly, as the PCRA court notes: "[Holloway] was sentenced to second-degree murder, which carries a mandatory life sentence. There is no other sentence to impose for this conviction." PCRA Court Order, 1/4/2017, at 3. Accordingly, Holloway's final argument fails and/or is waived.

Based on our disposition, we affirm the order of the PCRA court denying Holloway relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>1/22/2018</u>