J-A32012-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| SHERRILYN D. WASHINGTON | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| HARRY HAMILTON | : | No. 2036 MDA 2016 |
| | : | |
| Appellant | : | |

Appeal from the Order Entered November 21, 2016
In the Court of Common Pleas of Centre County
Civil Division at No(s): 04-2534

| | | |
|---|---|---|
| SHERRILYN D. WASHINGTON | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| HARRY E. HAMILTON | : | No. 424 MDA 2017 |
| | : | |
| Appellant | : | |

Appeal from the Order Entered February 2, 2017
In the Court of Common Pleas of Centre County
Civil Division at No(s): 04-2534

BEFORE: OTT, J., DUBOW, J., and STRASSBURGER*, J.

MEMORANDUM BY OTT, J.: **FILED JULY 13, 2018**

Harry E. Hamilton ("Husband") appeals, *pro se*, from multiple orders dated November 21, 2016, and February 2, 2017, related to a prolonged divorce action involving his former wife, Sherrilyn D. Washington ("Wife").

_____

* Retired Senior Judge assigned to the Superior Court.

Based on the following, we affirm. Additionally, we grant Wife's request for an award of counsel fees against Husband pursuant to Pa.R.A.P. 2744 and remand for the trial court to determine the amount. We also deny Husband's application for special relief.

The facts and procedural history are well known to the parties. Accordingly, we summarize as follows: On June 8, 2004, Wife filed a complaint in divorce, alleging that the parties were married in the Bahamas on June 1, 1996.[1] On April 27, 2005, the trial court entered an order, finding that a valid common law marriage existed between the parties as of November 7, 2000. Wife filed a petition for bifurcation of the economic issues from the divorce action on January 17, 2013.

On July 11, 2013, the court issued a divorce decree on the grounds of irretrievable breakdown (parties having lived separate and apart for at least two years) pursuant to 23 Pa.C.S. § 3301(d). On August 10, 2013, Husband filed an appeal, alleging, *inter alia*, the court erred by entering a divorce decree because the parties were never married. A panel of this Court upheld the trial court's determination that a common law marriage existed, stating: "[W]e find no abuse of discretion in its determination that the parties formed a common law marriage 'by an exchange of words in the present tense, spoken with the specific purpose that the legal relationship of husband and

---

[1] In her complaint, Wife also sought, *inter alia*, custody of the parties' son, who was born in August of 2001.

- 2 -

wife [was] created.'" **Washington v. Hamilton**, 118 A.3d 455 [857 MDA 2013, 1582 MDA 2013] (Pa. Super. 2015) (unpublished memorandum at 6), *quoting* **Staudenmayer v. Staudenmayer**, 714 A.2d 1016, 1020 (Pa. 1998).[2]

The matter then proceeded to issues concerning separation and equitable distribution. However, Husband filed a motion to vacate judgment of marriage pursuant to 23 Pa.C.S. § 3332,[3] and an amended petition on November 17 and 18, 2016, respectively. In these practically identical petitions, Husband alleged: "[P]ursuant to 23 Pa.C.S. [§] 3332, the consequence of the deciding jurist conducting an electronic search for a

_____

[2] Husband did not file a petition for allowance of appeal with the Pennsylvania Supreme Court.

[3] Section 3332 provides:

> A motion to open a decree of divorce or annulment may be made only within the period limited by 42 Pa.C.S. § 5505 (relating to modification of orders) and not thereafter. The motion may lie where it is alleged that the decree was procured by intrinsic fraud or that there is new evidence relating to the cause of action which will sustain the attack upon its validity. A motion to vacate a decree or strike a judgment alleged to be void because of extrinsic fraud, lack of jurisdiction over the subject matter or a fatal defect apparent upon the face of the record must be made within five years after entry of the final decree. Intrinsic fraud relates to a matter adjudicated by the judgment, including perjury and false testimony, whereas extrinsic fraud relates to matters collateral to the judgment which have the consequence of precluding a fair hearing or presentation of one side of the case.

23 Pa.C.S. § 3332.

marriage license in Colorado is [Husband] is denied a fair trial concerning the establishment of a common law marriage." Motion to Vacate Judgement [sic] of Marriage in Case Number 04-0339 Pursuant to 23 Pa.C.S. 3332, 11/17/2016, at unnumbered 1.

On November 21, 2016, the trial court entered two orders concerning the matter. The first ("equitable distribution order") provided: "AND NOW, November 21, 2016, [Husband] have [sic] been given an opportunity to present more testimony and having failed to do so, these proceedings are terminated and the Court will issue in due course a Final Order with regard to equitable distribution." Order, 11/21/2016.[4] The second order ("motion to vacate marriage judgment order") set forth the following, in pertinent part: "[Husband] seeks to vacate the judgment of marriage entered in this matter. This issue has been resolved by the Appellate Courts of Pennsylvania and the Motion to Vacate Judgment of Marriage is denied." Order, 11/21/2016.[5] Husband then filed a notice of appeal from "the order praeciped for entry in this matter on the 21st day of November 2016," but did not specify which order he meant. Notice of Appeal and Under Pa.R.A.P. 2154 and 1923, 11/21/2016.

---

[4] The equitable distribution order was timestamped on December 5, 2016.

[5] The motion to vacate marriage judgment order was also timestamped on December 5, 2016.

On December 1, 2016, the trial court entered a decree regarding the outstanding economic issues and determined the parties' date of separation was November 2001.[6]  Wife filed a motion for reconsideration pursuant to Pa.R.C.P. 1930.2 on December 27, 2016.[7]  The court granted Wife's motion on December 29, 2016, and held a hearing regarding the matter on January 25, 2017.  On February 2, 2017, the court filed a "discussion" concerning Wife's motion for reconsideration and an amendment to its December 1, 2016, equitable distribution decree.[8]  On March 6, 2017, Husband again filed a notice of appeal from the orders entered November 21, 2016, and also included the "order" entered February 2, 2017, "because the order for reconsideration did not 'expressly grant' reconsideration and the order for reconsideration was not entered until January 6, 2017, more than thirty (30) days after [Husband]'s appeal of the failure to vacate the marriage finding in 04-0339."  Notice of Appeal and Under Pa.R.A.P. 2154 and 1923, 3/6/2017.

On March 17, 2017, the trial court ordered Husband to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).[9]

---

[6]  The decree was timestamped on December 5, 2016.

[7]  Before a decision was entered on her motion, Wife filed a notice of appeal from the December 1, 2016, decree, which is at Docket No. 124 MDA 2017.

[8]  The court's "discussion" was dated January 30, 2017.  After amending its decree, the court then dismissed Wife's motion for reconsideration.

[9]  For reasons not set forth in the record, a second Rule 1925(b) order was issued five days later.

Husband filed a concise statement on April 12, 2017. The trial court issued an opinion pursuant to Pa.R.A.P. 1925(a) on April 20, 2017, concisely stating, in relevant part:

> 1. Once again this Court expresses its total inability to understand exactly what issue Harry Hamilton is raising.
>
> 2. This Court relies on its prior Orders.

1925(a) Statement, 4/20/2017.

During this time, on January 18, 2017, and in reference to the November 21, 2016, orders, this Court issued a rule to show cause as to why this appeal should not be quashed as having been taken for an order that is not appealable, stating: "Both November 21, 2016 orders expressly contemplate the entry of a final order in due course, including an equitable distribution order. Moreover, one of the orders states that [Husband] is attempting to re-litigate issues that have been finally resolved by an appellate court." Order, 1/18/2017. Although Husband's response was difficult to follow, essentially, he alleged the appeal was interlocutory but appealable as of right. *See* Pa.R.A.P. 311(a)(1). On February 8, 2017, this Court entered the following order, in relevant part:

> [T]his Court obtained updated trial court docket entries and a copy of the trial court's December 1, 2016 order, which appears to resolve all outstanding issues in this matter.
>
> This Court will take no action at this time but will refer the appealability issue to the merits panel. The January 18, 2017 show cause order is discharged. The merits panel may revisit the issue and may find that the appeal is defective. Therefore, [Husband] should be prepared to address the issue at oral

argument if the panel or one of the parties raises the issue at that time, or in his brief if the case is to be submitted on briefs.

Order, 2/8/2017. Oral argument was held in December of 2017. Husband did not appear at that proceeding.

Turning to his brief,[10] Husband's argument focuses solely on whether the trial court erred by failing to conduct a hearing or permit argument before denying his motion to vacate the judgment of marriage in which he claims the court committed an improper judicial internet search for a marriage license.[11]

*See* Husband's Brief at 5. Specifically, he states:

> The trial judge independently went outside the record and searched for a marriage license via the internet. Judicial Cannon 2.9(c) and the comments effective while the matter w[a]s pending appeal on July 1, 2014 make clear that a judge should not investigate matters independently. Hamilton was denied a fair trial on the most tenuous of issues, i.e. common law marriage.

---

[10] Like many of his other filings, Husband's appellate brief is disjointed and difficult to follow at times. "[A]lthough this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant." **Commonwealth v. Lyons**, 833 A.2d 245, 252 (Pa. Super. 2003), *appeal denied*, 879 A.2d 782 (Pa. 2005) (some citations omitted). "[A]ny layperson choosing to represent himself in a legal proceeding must, to some reasonable extent, assume the risk that his lack of expertise and legal training will prove his undoing." **Commonwealth v. Gray**, 608 A.2d 534, 550 (Pa. Super. 1992), *quoting* **Vann v. Commonwealth Unemployment Compensation Bd. of Review**, 494 A.2d 1081, 1086 (Pa. 1985). As such, we cannot serve as Husband's counsel and litigate his claims for him.

[11] In his motion to vacate the judgment of marriage, Husband complains the court conducted an electronic search for a marriage license in Colorado, but does not explain how that state is connected to the status of the parties' marriage.

*Id.* (emphasis removed).[12]  Other than a mere reference to Pa.R.A.P. 311,[13]

Husband does not discuss the appealability issue, as directed in this Court's

February 8, 2017, order.  However, we are compelled to do so.[14]

Because Husband does not designate which November 21, 2016, order

he is appealing, we will address them both.  It is important to note that based

on Husband's brief, he is solely interested in the court's finding that a marriage

existed between the two parties, which concerns the motion to vacate

marriage judgment order.  As indicated in this Court's February 8, 2017, order,

the motion to vacate marriage judgment order was originally interlocutory but

became ripe for appellate review after the December 1, 2016, decree

regarding equitable distribution was entered.  Upon review, it is evident that

Husband is attempting to relitigate the issue of whether he and Wife had a

common law marriage under a new theory of relief – that the court

independently went outside the record to search for a marriage license *via* the

internet and, therefore, he was denied a fair trial regarding the common law

_____

[12]  Husband also references a "Ms. Mancino" and asserts that she should have been joined in the action.  Husband's Brief at 6.  However, he does not explain who Mancino is or how she is relevant to the present matter.

[13]  *See* Husband's Brief at 3.

[14]  "[T]his Court has the power to inquire at any time, *sua sponte*, whether an order is appealable."  *Bloome v. Alan*, 154 A.3d 1271, 1273 (Pa. Super. 2017), *quoting* *Estate of Considine v. Wachovia Bank*, 966 A.2d 1148, 1151 (Pa. Super. 2009).

marriage issue. The claim of whether the parties had a common law marriage has been previously litigated and decided by the trial court, as well as upheld by a panel of this Court. **See Washington**, **supra**. Husband did not file a petition for allowance of appeal with the Pennsylvania Supreme Court. Accordingly, Husband is collaterally estopped[15] from challenging the court's finding that the parties had a common law marriage, and we find the court did not err in denying Husband's motion to vacate the judgment of marriage.

With respect to the remaining November 21, 2016, order, which is the the equitable distribution order, and the February 2, 2017, discussion and amended decree, we note Husband's appeal does not challenge any aspect of these decisions. Accordingly, he has abandoned any such challenge to the equitable distribution award and waived his argument for the purposes of this

_____

[15]

> Collateral estoppel seeks to preclude a litigant from raising an issue which has previously been determined and applies if (1) the issue decided in the prior case is identical to the one presented in the later case; (2) there was a final judgment on the merits; (3) the party against whom the plea is asserted was a party or in privity with a party in the prior case; (4) the party or person privy to the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the prior proceeding; and (5) the determination in the prior proceeding was essential to the judgment.

**Melat v. Melat**, 602 A.2d 380, 384 (Pa. Super. 1992). Here, the issues from the earlier decision and the present appeal are essentially identical, there was a final judgment on the merits, the parties are the same, Husband had a full and fair opportunity to litigate the issue in the prior proceedings, and the determination in the prior proceeding was essential to the judgment.

appeal. ***See*** Pa.R.A.P. 2119(a); ***see also In re W.H.,*** 25 A.3d 330, 339 (Pa. Super. 2011) ("[W]here an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived.") (citations omitted), *appeal denied*, 24 A.3d 364 (Pa. 2011).

Having concluded that Husband either attempted to relitigate a previously decided claim or waived potential equitable distribution arguments, we now turn to the issue regarding the award of counsel fees against Husband under Section 2744.

> Section 2744 provides:
>
> In addition to other costs allowable by general rule or Act of Assembly, an appellate court may award as further costs damages as may be just, including
>
> > **(1)** a reasonable counsel fee and
> >
> > **(2)** damages for delay at the rate of 6% per annum in addition to legal interest,
>
> if it determines that an appeal is frivolous or taken solely for delay or that the conduct of the participant against whom costs are to be imposed is dilatory, obdurate or vexatious. The appellate court may remand the case to the trial court to determine the amount of damages authorized by this rule.

Pa.R.A.P. 2744.

Wife complains she is entitled to: (1) attorney's fees for time spent by counsel preparing the appellate brief and attending oral argument; (2) damages for delay based on Husband's allegedly vexatious conduct, and (3) a no appeal order, which would prevent Husband from appealing, or a

condition to appeal order, which would allow for Husband to appeal but require him to pre-fund the attorney's fees for Wife's counsel in any future appeal.

We note a letter notifying Husband of the oral argument date was sent out on October 23, 2017, approximately six weeks prior to the oral argument proceeding. Given Husband's failure to attend oral argument, and failure to provide notice of his absence that would have obviated the need for Wife's counsel to attend, we use our discretion to award counsel fees based on Husband's essentially frivolous appeal and his dilatory and vexatious conduct. Thus, we remand for the trial court to determine the amount of counsel fees. With respect to Wife's remaining requests for relief, we decline to grant them at this time.

Lastly, with respect to Husband's "application for special relief – re-instatement or re-hearing, extension to reconsider and consolidation of appeals," he claims he was not aware of the oral argument because he was focused on recovering from an unexplained incident and he was not checking to see if he had received any mail regarding his appeal. **See** Husband's Application for Special Relief, 1/2/2018, at 1-2.[16] Husband seeks an extension so that he can make an appropriate response or reply. **See id.** at 3, 7. However, we note Husband filed a prior appeal with this Court and multiple documents regarding the present appeal, including requests for extensions of

---

[16] Husband also indicates he was trying to save the family home during this time. **Id.** at 2.

time.  He was also notified six weeks prior to oral argument of the proceeding.  Based on these circumstances and our disposition in this appeal, we deny Husband his requested relief.

Orders affirmed.  Case remanded for proceedings consistent with this memorandum.  Wife's application for relief granted, in part, and denied, in part.  Husband's application for relief denied.  Jurisdiction relinquished.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/13/18