J-S03037-21

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JERMALL E. JOHNSON, | : | |
| | : | No. 714 WDA 2020 |
| Appellant | : | |

Appeal from the PCRA Order Entered June 3, 2020
in the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0003257-2014

BEFORE:     DUBOW, J., MURRAY, J. and STRASSBURGER, J.*

MEMORANDUM BY DUBOW, J.:                    **FILED:  August 17, 2021**

Appellant, Jermall E. Johnson, appeals *pro se* from the January 20, 2020 order dismissing his Petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  After careful review, we affirm.

This case stems from Appellant's 2018 nonjury convictions for three firearm charges and ten summary violations of the Vehicle Code.  Our Court previously provided the following factual and procedural history.

> On September 14, 2014, Officer Steven Deluca stopped his patrol car at an intersection in Erie.  Also stopped at the intersection, in cross traffic, was [Appellant], behind the wheel of another vehicle.  The police officer knew that [Appellant] had a suspended license based upon the officer's prior interactions with him.  After following [Appellant] for a few blocks, the officer stopped him for driving with a suspended license, and searched the vehicle.  That search uncovered various pieces of evidence against [Appellant], including weapons and stolen property.

*Retired Senior Judge assigned to the Superior Court.

> This matter was originally decided via a jury trial on April 8, 2015, and [Appellant] successfully appealed. This Court remanded for a new suppression hearing, which occurred on August 16, 2017. The Court of Common Pleas of Erie County again refused to suppress the Commonwealth's evidence. The trial court convicted [Appellant] a second time and sentenced him to a minimum of 9¾ years of imprisonment.

*Commonwealth v. Johnson*, 209 A.3d 1052 (Pa. Super. 2019) (unpublished memorandum at 1–2).

Proceeding on appeal *pro se*, Appellant raised three issues: suppression, sufficiency of the evidence, and disclosure of a witness. On December 18, 2018, this Court filed a memorandum affirming Appellant's Judgment of Sentence. After receiving an extension, Appellant *pro se* filed a Motion for Reconsideration on January 14, 2019. On January 17, 2019, this Court withdrew the December 18, 2018 memorandum ("Withdrawn Memorandum"), and on January 18, 2019, denied as moot Appellant's Motion for Reconsideration. On February 8, 2019, this Court filed a memorandum affirming Appellant's Judgment of Sentence ("February 8, 2019 Memorandum"). *See id.*[1]

On February 14, 2019, the Superior Court remanded the record prematurely to the trial court. *See* Pa.R.A.P. 2572(a)(2) ("The record shall be remanded to the court … from which it was certified at the expiration of 30

---

[1] In addition to grammatical and typographical changes, the February 8, 2019 Memorandum added a footnote regarding Appellant's *pro se* status on appeal and deleted a reference to Officer Deluca's issuing Appellant a citation for driving with a suspended license.

- 2 -

days after the entry of the judgment or other final order of the appellate court possessed of the record."). Appellant did not file a Motion for Reargument or a Petition for Allowance of Appeal to our Supreme Court from the February 8, 2019 Memorandum.

Apparently, Appellant misinterpreted the February 8, 2019 Memorandum affirming his Judgment of Sentence as instead affirming our Order withdrawing the Withdrawn Memorandum, thereby ostensibly granting Appellant's appeal and vacating his Judgment of Sentence. This erroneous interpretation prompted Appellant to file motions in our Supreme Court, this Court, and the Court of Common Pleas of Erie County, on April 26, 2019, asking that the courts send documentation to the Department of Corrections that he was no longer serving a sentence and he should be paroled. On May 16, 2019, the Court of Common Pleas denied the request requested in the motion, except for the request to provide Appellant with a copy of the docket entries. Appellant, however, continued to seek, unsuccessfully, proof from the courts that his sentence had been vacated.

On November 27, 2019, Appellant *pro se* filed a timely first PCRA Petition, raising (1) a challenge to the "illegal stop and seizure…, as well as all issues on direct appeal" and (2) a request for reinstatement of his right to file

in this Court a motion for reargument or reconsideration. PCRA Petition, 11/27/2019, at 4.[2]

On March 24, 2020, the PCRA court held a hearing to give Appellant an opportunity to clarify his request for reinstatement of his appellate rights. At that hearing, Appellant argued that he did not have a chance to file a Motion for Reargument or a Petition for Allowance of Appeal from the February 8, 2019 Memorandum because the Superior Court had remanded the record prematurely. N.T., 3/24/2020, at 5–7. Additionally, Appellant argued that he filed applications for clarification with our Supreme Court, this Court, and the Court of Common Pleas because he "never received any documentation from the Superior Court" regarding the February 8, 2019 Memorandum. *Id.* at 12. Appellant further argued that he "didn't know that [his] case had been affirmed until Erie County told [him] that, until [he] looked up at the docket sheet that said affirmed, and [he] clearly did not understand from the record" the outcome of his direct appeal. *Id*.

---

[2] Following a hearing, the PCRA court granted Appellant's request to proceed *pro se*. Appellant also filed an Application for Leave to Amend, which included an additional claim regarding suppression. Application for Leave to Amend, 1/21/2020. The PCRA court granted the motion and accepted it as an amendment to Appellant's PCRA Petition. PCRA Court Order, 2/3/2020.

On May 1, 2020, the PCRA court issued a Pa.R.Crim.P. 907 Notice.[3] The PCRA court concluded that it lacked the authority to compel this Court to reinstate Appellant's reargument rights, and that the PCRA did not recognize Appellant's remaining claims because they are challenges that Appellant either previously litigated or could have litigated on direct appeal. Appellant filed a *pro se* objection to the Notice. On June 3, 2020, the court dismissed Appellant's PCRA Petition.

On July 6, 2020, Appellant timely appealed *pro se* the denial of his PCRA petition.[4] Both Appellant and the PCRA court complied with Pa.R.A.P. 1925. Appellant raises the following issues in his Brief:

1. Whether the courts erred in refusing to suppress the fruits of the "illegal seizure" herein, where Appellant's 4th Amendment was violated when the officer failed to follow all procedures and protocol, before activating his emergency lights and sirens to issue Appellant a citation for a Section 1543(a) violation, pursuant to § 1543(d).

2. Whether the evidence was sufficient enough to uphold the conviction of a § 1543(a) violation, "lacking" a citation and the process of, in chronological order: (1) the verification of [Appellant's] license suspension § 1543(d); (2) bringing [Appellant] before a MDJ without unnecessary delay Rule 441(c)(1); (3) issuing of a citation Rule 405; (4) filing of the

---

[3] In the meantime, on April 13, 2020, Appellant filed a Request for Injunctive Order. The PCRA court denied this motion because it sought the same relief pending before the court on Appellant's PCRA Petition.

[4] The 30th day, Friday, July 3, 2020, was a court holiday in observance of Independence Day. **See** 1 Pa.C.S. § 1908 ("Whenever the last day of [a period of time referred to in a statute] shall fall on Saturday or Sunday, or on any day made a legal holiday by the laws of this Commonwealth or of the United States, such day shall be omitted from the computation.").

> citation pursuant to § 5553(a) and Pa.R.Crim.Pro. Rule 410; moreover, the Court of Common Pleas did violate § 1302(a)(1), in turn creating another procedural defect pursuant to Rule 454.

> 3. Whether Judge Kunselman[5] erred by re-affirming the decision in which this Court withdrew as quoted "The memorandum filed December 18, 2018 is withdrawn. A 'new decision' will be forthcoming." Moreover, Judge Kunselman refiled the exact memorandum withdrawn, "minus," the most pertinent sentence and fact in this entire case stating that "Officer Deluca did issue [Appellant] a citation", pursuant to Rule 405 & § 5553(a). **See** 12/18/18 Memorandum compared to 2/8/19 Memorandum.

> 4. Whether the courts erred by remanding the record 2/12/19 in which was only four days after it re-affirmed its original decision, in violation of Pa.R.A.P. Rule 2572(a).

Appellant's Brief at 7–9 (numbering supplied, unnecessary capitalization omitted).[6]

Before we address the merits of Appellant's claims, we must first determine which of them, if any, are properly before this Court. This Court has consistently held that the PCRA does not recognize challenges to the sufficiency of the evidence. **See Commonwealth v. Price**, 876 A.2d 988, 995 (Pa. Super. 2005) (rejecting a sufficiency claim that was raised on PCRA appeal without an ineffective assistance of counsel analysis because it is not

---

[5] Judge Kunselman authored the Withdrawn Memorandum and the February 8, 2019 Memorandum, both of which were issued by a three-judge panel of this Court.

[6] Appellant's Brief is handwritten and at times difficult to decipher to which subsection of various statutes he is referring. If any deduction on this Court's part is erroneous, that error is harmless in light of our disposition.

cognizable under the PCRA); *see also Commonwealth v. Bell*, 706 A.2d 855, 861 (Pa. Super. 1998) (holding that sufficiency claims are not cognizable under the PCRA).

In addition, the PCRA does recognize issues previously raised and litigated on direct appeal. *See* 42 Pa.C.S. § 9543(a)(3) (providing that a petitioner must plead and prove by a preponderance of the evidence that the allegation of error has not been previously litigated); *see also Commonwealth v. Spotz*, 18 A.3d 244, 281 (Pa. 2011) (recognizing that a claim that has been previously litigated is not cognizable under the PCRA). Relatedly, a petitioner waives any issue that a petitioner could have raised, but failed to raise, "before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding[,]". 42 Pa.C.S § 9544(b).

Here, Appellant re-raised in his PCRA Petition two of the claims he had raised on direct appeal: suppression and sufficiency. Appellant previously litigated these challenges on direct appeal, and this Court found his suppression challenge to be without merit and his sufficiency claim waived. *Johnson*, 209 A.3d 1052 (unpublished memorandum). Appellant's first two claims are, therefore, not cognizable under the PCRA. *See* 42 Pa.C.S. § 9543(a)(3). *See also Price*, 876 A.2d at 995; *Bell*, 706 A.2d at 861. Additionally, Appellant waived any new arguments in support of these claims for failure to raise them on direct appeal. *See* 42 Pa.C.S § 9544(b).

Turning to Appellant's remaining issues on appeal, he first argues that this Court's January 17, 2019 Order stated that a new decision would be forthcoming, but that Appellant "did not receive a 'new decision' as ruled *per curiam* by this Honorable Superior Court" because the February 8, 2019 Memorandum was substantially identical to the Withdrawn Memorandum. Appellant's Brief at 40. Appellant failed to raise this claim in his PCRA Petition and, thus, waived it. **See** Pa.R.Crim.P. 902(B) ("Each ground relied upon in support of the relief requested shall be stated in the [PCRA] petition. Failure to state such a ground in the petition shall preclude the defendant from raising that ground in any proceeding for post-conviction collateral relief."); **see also Commonwealth v. Rainey**, 928 A.2d 215, 226 (Pa. 2007) (noting that issues not raised in a PCRA petition are waived on appeal).

Even if not waived for failure to present the claim to the PCRA court, Appellant cites no legal authority to support his contention that this Court promised a different disposition in the forthcoming decision; this Court merely promised a new, forthcoming decision. In fact, Appellant does not develop this claim in any meaningful manner. Such failure to develop a claim violates the Rules of Appellate Procedure and may result in waiver.

> The Rules of Appellate Procedure state unequivocally that each question an appellant raises is to be supported by discussion and analysis of pertinent authority. Appellate arguments which fail to adhere to these rules may be considered waived, and arguments which are not appropriately developed are waived. Arguments not appropriately developed include those where the party has failed to cite any authority in support of a contention. This Court will not act as counsel and will not develop arguments

on behalf of an appellant. Mere issue spotting without analysis or legal citation to support an assertion precludes our appellate review of a matter.

*Commonwealth v. Richard*, 150 A.3d 504, 513–14 (Pa. Super. 2016) (citation and original brackets omitted); *see also* Pa.R.A.P. 2119(a) (requiring the argument section to have "such discussion and citation of authorities as are deemed pertinent").

The Rules of Appellate Procedure apply equally to *pro se* appellants.

[A]lthough this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant. Accordingly, a *pro se* litigant must comply with the procedural rules set forth in the Pennsylvania Rules of the Court. This Court may quash or dismiss an appeal if an appellant fails to conform with the requirements set forth in the Pennsylvania Rules of Appellate Procedure.

*Commonwealth v. Lyons*, 833 A.2d 245, 251–52 (Pa. Super. 2003) (citations omitted). "[A]ny layperson choosing to represent himself [or herself] in a legal proceeding must, to some reasonable extent, assume the risk that his [or her] lack of expertise and legal training will prove his [or her] undoing." *Commonwealth v. Gray,* 608 A.2d 534, 550 (Pa. Super. 1992) (quoting *Vann v. Unemployment Comp. Bd. of Review*, 494 A.2d 1081, 1086 (Pa. 1985)). Because Appellant failed to comply with Pa.R.A.P. 2119(a), Appellant waived this issue.

Finally, Appellant claims that he "was denied an opportunity to further pursue relief in the higher courts" based on the premature remand of the

record. Appellant's Brief at 41. Appellant's argument for this issue comprises two sentences.

The Court erred by remanding the record February 12, 2019, only four days after it affirmed [Appellant's] appeal February 8, 2019, in violation of Pa.R.A.P. 2572(a)(1)(2).

In doing so [Appellant] was denied an opportunity to further pursue relief in the higher courts pursuant to the Pennsylvania Rules of Appellate Procedure.

*Id.* (unnecessary capitalization omitted).

We review an order denying a petition for collateral relief to determine whether the PCRA court's decision is supported by the evidence of record and free of legal error. *Commonwealth v. Jarosz*, 152 A.3d 344, 350 (Pa. Super. 2016) (citing *Commonwealth v. Fears*, 86 A.3d 795, 803 (Pa. 2014)). "[W]here the petitioner raises questions of law, our standard of review is *de novo* and our scope of review is plenary. Finally, we may affirm a PCRA court's decision on any grounds if the record supports it." *Commonwealth v. Rigg*, 84 A.3d 1080, 1084 (Pa. Super.2014) (citations and quotation marks omitted).

During the PCRA hearing, Appellant argued that he did not have the opportunity to seek further review because of the premature remand, and he also was not on notice to seek further review because he did not receive the February 8, 2019 Memorandum until the Court of Common Pleas sent him a copy of the docket months later. N.T., 3/24/2020, at 5-7, 12.

As discussed *supra*, we agree with Appellant that the record was prematurely remanded to the lower court. Appellant, however, fails to provide us with any legal authority, and we have found none, that the Superior Court's premature return of the court record extinguished Appellant's right to file for reargument or a petition for allocatur with the Supreme Court. Without any such authority, Appellant's challenge fails.[7]

Application for Relief denied as moot. Order affirmed.

Judge Murray joins the memorandum.

Judge Strassburger did not participate in the consideration or decision of this case.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/17/2021

---

[7] We deny Appellant's Application for Relief filed January 15, 2021, at moot.

- 11 -